BLAIR & BRONSON v. DUBUQUE COUNTY,

Prohibitory liquor law: LIABILITY OF COUNTY TO ATTORNEYS PROSE-CUTING. Under section 1578 of the Revision, a county is not liable to an attorney for his services in prosecuting for a violation of the prohibitory liquor law, where such services are rendered at the request of one not a peace officer.

*Appeal from General Term, Ninth District (Dubuque).*

TUESDAY, APRIL 27.

PLAINTIFFS seek in this action to recover for their services as attorneys in prosecuting certain criminal cases before a justice of the peace — the parties being charged with the violation of the provisions of what is known as the prohibitory liquor law. To the petition there was a demurrer, which was sustained by the District Court.

This ruling was affirmed by the General Term, and plaintiffs appeal.

*Adams & Chandler* for the appellants.

*M. B. Mulkern* for the appellee.

WRIGHT, J. — This case involves the construction of section 1578 of the Revision, which is as follows :

"It shall be the duty of all peace officers to see that this act, and the act to which this is amendatory, are faithfully executed ; and when informed that the law has been violated, and that proof of that fact can be had, it shall be the duty of such officers, and it is hereby made their special duty, to go before a magistrate and make information of the same and the person so violating the law. Upon the filing of such information before

a magistrate, it shall be his duty to institute a suit and proceed to the arrest and trial according to law. Upon trials before a magistrate, it shall be the duty of the prosecuting attorney to appear for the State, unless the person filing such information shall select some other attorney. The prosecuting attorney, or any other attorney selected and appearing and prosecuting such trial before a magistrate, shall be allowed the sum of five dol lars, to be paid out of the county treasury by order from the county judge of such county; any peace officer failing to comply with the provisions of this section shall be guilty of a misdemeanor, and pay a fine of not less than ten nor more than fifty dollars; and, on conviction, shall work a forfeiture of his office."

The petition shows that the person filing the "information" was a private individual; and now the question which we are to determine is, whether the county is liable for the services of attorneys in such cases, or when such services are rendered at the request of one not a "peace officer." Our opinion is that the county is not liable, and that this demurrer was properly sustained. The grounds for this conclusion are briefly these:

1. A peace officer, by this section, having, upon *due deliberation, determined* that the offense can be established, is required *under a penalty* to "make information" of the violation of this law, and hence the propriety and justice of giving him the right to select an attorney to assist in such prosecutions. The private citizen is not liable to this penalty.

2. The section, looking at all its parts, evidently refers to peace officers and their duties under the law. And hence it will be seen that it *opens* with a declaration of their duty and closes with prescribing a penalty for their failure to comply with its provisions. The words "upon *trial* before a magistrate" must be taken to mean, by

every fair rule of construction, trials instituted by "peace officers," as therein contemplated.

3. Peace officers are sheriffs, and their deputies, constables, marshals and policemen of incorporated cities and towns. Rev. § 4440. And it is their *sworn* duty to keep the peace and prevent crime, as well as to arrest those charged therewith.

The private individual *may* make these complaints, and this right is recognized by *other parts of the statute*. As we have seen, however, there is no penalty imposed for their failure to do so. The theory and purpose of the statute was to give to these sworn officers — to these conservators of the peace — professional aid, and not that every man in the community might commence these prosecutions, and involve a county in liability without limit, for the services rendered by attorneys selected by them at their will and pleasure.

And we are hence brought to the conclusion that the words "upon trials before a magistrate," while general and broad enough to cover *all* trials instituted upon the information of *any one* for violations of this law, must be and are limited by other parts of the section, and that they refer to cases where informations are made by peace officers. In other words, that "trials," refers to such as are contemplated in the preceding parts of the section.

Affirmed.