Foster & Foster v. The County of Clinton.

----

## FOSTER & FOSTER v. THE COUNTY OF CLINTON.

1. **Attorney:** SELECTION TO PROSECUTE: INTOXICATING LIQUORS. Where a constable was appointed by a justice of the peace "for the purpose of assisting peace officers of Clinton to seize liquors," it was *held* that he was not thereby authorized to select an attorney for the prosecution of a case under the prohibitory liquor law.

2. ———: POWER OF DISTRICT ATTORNEY. The district attorney cannot render the county liable for the services of an attorney requested by him to conduct a prosecution.

*Appeal from Clinton District Court.*

TUESDAY, SEPTEMBER 16:

THIS case was submitted to the Clinton District Court upon an agreed statement of facts, as follows:

"1. That Foster & Foster appeared for the State and prosecuted all the cases, as appears from their claim hereto attached, and that A. C. Perry, a private citizen, was the informer in all the cases.

"2.    That each of said cases was for the trial and condemnation of certain intoxicating liquors, seized upon information before a magistrate of Clinton county, and condemned upon trial for violation of sections 1544–5–6 of the Code.

"3.    That the said Foster & Foster were employed to perform the services as indicated by the certificates and affidavits indorsed on their claim hereto attached; that the board of supervisors rejected the claim, and either party reserves the right to appeal."

Attached to this agreed statement was a bill of items for services rendered in twenty-four cases for the seizure and condemnation of liquors, aggregating the sum of one hundred and twenty dollars.    Attached to this bill was the following affidavit:

"I, E. C. Foster, of the firm of Foster & Foster, being duly sworn, say that we performed, as attorneys chosen for the State, the services stated in the above account for said county, and the same is still due and justly owing to me from said county, and entirely unpaid; that we were the only attorneys, and have not, directly nor indirectly, recovered any compensation from any other source, and that said services were rendered by order of L. A. Ellis, prosecuting attorney, and we were selected by A. C. Perry, informer, and A. S. McKinley, constable of Clinton township, to prosecute."

Attached to the bill of items were also the following certificates:

"I, J. J. Flournoy, justice of the peace in and for Clinton township, in said county and State, hereby certify that the firm of Foster & Foster, attorneys, appeared before me, and, on the part of the State, prosecuted the above cases as appear on above, Nos. 1, 2, 3 and 4, and that A. C. Perry was the informer in each of said cases."

"We, A. C. Perry, informer in all of the above entitled cases, and I, A. S. McKinley, constable and peace officer of Clinton township, Clinton county, State of Iowa, and who

was in attendance upon the trial of all of above cases, hereby certify that, being informed that the District Attorney, L. A. Ellis, could not attend upon the trial of the above cases, we, at his request, selected the firm of Foster & Foster."

"BOARD OF SUPERVISORS, ⎱
   "CLINTON COUNTY.   ⎰

"In the liquor seizure cases in Clinton I was spoken to by Mr. Foster to attend to the same, and I answered it would be inconvenient for me to do so, and requested him to appear in my stead and place.

"Respectfully, yours,

"L. A. ELLIS,

"District Attorney."

On the foregoing agreed statement the court rendered judgment in favor of the plaintiffs for one hundred dollars. Afterward the plaintiffs moved the court to set aside the judgment in order that they might introduce more testimony, and supported the motion by the following affidavit:

"I, E. C. Foster, being duly sworn, depose and state that subsequent to signing of the stipulation of facts submitted to the court in the above case, and at the time J. H. Flint, attorney for defendant, desired and had a change made, it was agreed and understood between the said attorneys that if at any time the plaintiffs or defendant discovered any new fact material to the case it should go in and be considered one of the facts in the case by your honor; that, at the time the said case was being tried before your honor, it was discovered and brought to the knowledge of the plaintiffs that at the time and before the said Perry swore out the informations referred to in plaintiffs' claim he was appointed special constable for the special purpose of making seizures of liquors under the liquor law, and when this affiant discovered this fact as aforesaid he drew the attention of the attorney, J. H. Flint, to the fact, and he then said that he thought there

would be no objection to let it in as one of the facts. The plaintiffs therefore ask that the judgment be opened for that purpose."

The defendant not objecting, the court sustained the motion and set aside the judgment. Thereupon the plaintiffs filed the following additional statement:

"By leave of court the plaintiffs amend the stipulation in this case and add the further fact that the informer, A. C. Perry, was appointed special constable prior to executing the said information before J. J. Flournoy, and at the time he swore he was so acting by appointment in writing from the said J. J. Flournoy, justice."

The defendant answered this statement, denying that Perry was appointed special constable as alleged, and alleging that if Perry was appointed the appointment was not for any specific duty nor for any particular case, and that Perry never qualified as provided by law. The plaintiffs introduced the appointment of Perry, which is as follows:

"STATE OF IOWA,    ⎫
   "COUNTY OF CLINTON, ⎬ ss.
                       ⎭

"*To A. C. Perry:*

"You are hereby appointed special constable for the purpose of assisting peace officers of Clinton to seize liquors this 29th day of June, 1878.

"J. J. FLOURNOY,

"Justice of the Peace."

This appointment was made, as appears from the evidence, after the informations were all prepared, but before they were sworn to by Perry, which was on the 29th of June. Perry did not give bond until the 8th of July. It does not appear that he ever qualified by taking the official oath. The court again rendered judgment for the plaintiffs for one hundred and twenty dollars.

The defendant appeals.

*J. H. Flint, A. R. McCoy* and *N. Corning,* for appellant.

*Foster & Foster* and *J. S. Darling,* for appellees.

DAY, J.—I. The plaintiffs claim that they are entitled to recover because of their selection to prosecute the cases by A. S. McKinley, a constable of Clinton township. The provisions of the Code upon the subject are as follows: "Section 1551. All peace officers shall see that the provisions of this chapter are faithfully executed, and when informed that the law has been violated, or when they have reason to believe that the law has been violated, and that proof of the fact can be had, such officers shall go before a magistrate and make information of the same and of the person so violating the law. Upon the filing of such information before a magistrate he shall institute a suit and proceed to the arrest and trial thereof, according to law. Upon trials before a magistrate it shall be the duty of the District Attorney to appear for the State, unless the person filing such information shall select some other attorney. * * *" "Section 3829. An attorney appointed by a court to defend a person indicted for any offense is entitled to receive from the county treasury the following fees: For a case of murder, such fee as the court may fix; for a felony, such fee as the court may fix; for misdemeanor, five dollars; any attorney selected by a peace officer, for appearing and prosecuting before a justice of the peace a prosecution for selling intoxicating liquors, five dollars."

In order to arrive at the proper meaning of these sections they must be considered together. It is evident that section 1551 of the Code authorizes only the person who filed the information to select an attorney to prosecute this case. This is evident from the plain reading of the section: "It shall be the duty of the District Attorney to appear for the State, unless the person filing such information shall select some other attorney." Now, while McKinley was a peace officer, he had nothing to do with the filing of the informations. He

was simply, as he states in his certificate, in attendance upon the trial of the cases. We think it is clear that McKinley's selection of the plaintiffs to prosecute the cases does not entitle them to fees from the county.

II. The plaintiffs further claim that they are entitled to compensation from the county for their services because of 1. ATTORNEY: selection to prosecute: in- toxicating liquors. their selection to prosecute the cases by A. C. Perry. A peace officer only can render a county liable for services performed by an attorney, at his request, in prosecutions for a violation of the prohibitory liquor law. *Blair & Bronson v. Dubuque County*, 27 Iowa, 181; Code, § 3829. The question is thus raised whether A. C. Perry was such peace officer as is authorized to select an attorney for the prosecution of a case under the prohibitory liquor law, and render the county liable for the compensation of such attorney. Section 4109 of the Code provides: "The following persons respectively are designated in this Code under the general term peace officer: *First*, sheriffs and their deputies; *second*, constables; *third*, marshals and policemen of incorporated cities and towns."

Appellees claim that Perry was appointed a special constable under section 3630 of the Code. This section provides: "Any justice of the peace may, in writing, specially depute any person of suitable age to perform any particular duty properly devolving upon a constable, and for that particular purpose he shall be subject to the same obligations and receive the same fees." The appointment of Perry is as follows: "You are hereby appointed special constable, for the purpose of assisting peace officers of Clinton to seize liquors, this 29th day of June, 1878." This appointment, it seems to us, if it authorizes Perry to do anything, authorizes him only to seize the liquors; that is, to serve the warrants, and in that way take the liquors into his custody. It is only for the particular purpose for which the person is specially deputed that he is subject to the same obligations as a constable. No obligation nor authority, we think, is conferred upon a per-

son, specially deputed to serve a warrant for the seizure of liquors, to make information, in the capacity of a peace officer, to a violation of the prohibitory liquor law. Besides, the duty of seeing that the provisions of the prohibitory liquor law are faithfully executed is a mere incident of the official position of a peace officer.

The statute declares who peace officers are. They are sheriffs and their deputies, constables, marshals and policemen. No other officer is entitled to that designation. A justice of the peace cannot create a peace officer. The most that he can do is to specially depute a person to perform a particular duty devolving upon a constable. We do not think that he can depute a person to see that the prohibitory liquor law is faithfully executed, and to file informations for its violation. This duty pertains to a peace officer, and it cannot, by the mere appointment of the justice of the peace, be transferred to a private individual. Further, a justice of the peace is authorized to depute a person to perform a particular duty. By this we understand he may depute a person to serve a particular warrant, or to arrest a particular person, or to subpœna the witnesses, or serve the jury in a particular case or the like. But one appointment of Perry was made, and that is general, "for the purpose of assisting peace officers of Clinton to seize liquors." Perry filed twenty-four informations, and selected the plaintiffs to prosecute in each case. We feel clear that he derived no authority from the appointment of the justice to do so, and that he did not, by such appointment, become a peace officer as contemplated in the statute.

III. The plaintiffs claim that they are entitled to recover because the District Attorney requested them to appear in his stead and place. That a District Attorney can2. ——: power of district attorney. not render a county liable for his employment of attorneys, see *Tatlock & Wilson v. Louisa County*, 46 Iowa, 138.

IV. Lastly, it is claimed that plaintiffs should recover

under section 303 of the Code, which confers upon the board
of supervisors power "to examine, settle and allow all just
claims against the county." A claim is not a just claim
against the county unless the law somewhere either requires ·
or authorizes its payment. We have discovered no such
requirement or authority as to the claim in question.

The judgment must be

REVERSED.