### TURNER & CO. v. WOODBURY COUNTY.

1. **County:** ELECTION EXPENSES: LIABILITY FOR. The necessary expense incurred by the township trustees in providing and furnishing a place in which to hold the general state election is not a just claim against the county.

*Appeal from Woodbury District Court.*

THURSDAY, DECEMBER 15.

THE petition alleged, in substance, that during the week preceding the general election of 1880, the trustees of Sioux City township, in Woodbury county, made application to the

county auditor, and also to a member of the board of super-visors of said county, for permission to hold said general election for said township in the court-house of said county situated in said township, which request said officers refused; that thereupon said trustees designated the office of plaintiffs, in said township as the place where said election should be held, and said election was held therein, occupying it for said purpose, and for counting the votes, two days and one night; that the plaintiffs, at the request of the trustees, furnished a large amount of fuel and lights; that the sum of $15.00 is a reasonable compensation to plaintiffs; that plaintiffs presented their bill to the board of supervisors and they rejected it. The plaintiffs pray judgment for $15.00. The defendant demurred to the petition. The demurrer was sustained, and judgment was rendered against the plaintiffs for costs.

The plaintiffs appeal. The court certifies the question in-volved, for our determination, to be as follows: "are the nec-cessary expenses incurred by the township trustees in provid-ing and furnishing a place in which to hold the general election of the State just claims against the county?"

*Fawcett & Pardoe,* for the appellant.

*S. M. Marsh, District Attorney,* and *Geo. W. Wakefield,* for the appellee.

DAY, J.—It is not claimed that there is any provision of the statute authorizing or requiring the county to pay the necessary expenses incurred by the township trus-tees in providing and furnishing a place in which to hold a general election. The statute provides that the board of supervisors shall provide for each election precinct, for the purpose of elections, one box, with lock and key, and the auditor shall prepare poll-books. Code, sections 614 and 615. The compensation of the township trustees and township clerk, when acting as judges of election, is provided

1. COUNTY: election ex-penses: lia-bility for.

in sections 3808 and 3809, of the Code. Section 391 of the Code provides that the trustees shall designate the place where elections will be held. No provision is made for the payment by the county, for the place thus designated. Whether the omission was an intentional or a casual one, we cannot determine. The provision that the county shall pay certain of the expenses of the election would seem to negative the idea that the liability of the county shall extend further. It is true section 303 of the Code authorizes the board of supervisors to settle and allow all just claims against the county, but in *Foster v. The County of Clinton*, 51 Iowa, 541, it is said that a claim is not a just claim against a county, unless the law somewhere either requires or authorizes its payment. There is no provision of law under which the defendant can be held liable in this case. As bearing somewhat upon this question see *Halstead v. Mayor of New York City*, 3 Com., 403; *Hodges v. The City of Buffalo*, 2 Denio, 110.

AFFIRMED.