## McBRIDE v. HARDIN COUNTY.

1. **County**: BOARD OF SUPERVISORS: PUBLICATION OF PROCEEDINGS. The publisher of a paper, designated by the board of supervisors as the paper in which the proceedings of the board shall be published, as required by section 307 of the Code, is not entitled thereby to publish the schedule of the receipts and expenditures of the county as required by section 304 of the Code, and cannot recover of the county therefor. The general language used in section 307 of the Code, must be so construed as not to embrace those things specially provided for in section 304 of the Code.

2. ————: TOWNSHIP: VOTING TAX: EXPENSE. The county is in no way concerned in the voting of taxes in the various townships in aid of railroads, and cannot be required to pay for publishing notices of the elections therefor, or any part of the expenses thereby incurred.

3. ————: ————: NOTICES OF ELECTION: EXPENSE. As there is no officer who possesses authority to make the county liable for publishing notices of such elections, the difference in language in the various counts of the petition, that plaintiff was requested "by the proper officers" and "by the proper officers of the township," was immaterial.

*Appeal from Hardin District Court.*

FRIDAY, APRIL 21.

THE plaintiff filed his petition against the defendant in four counts. The first count of the petition alleges that the plaintiff was proprietor and publisher of a weekly newspaper, published in Hardin county, known as the Eldora Ledger; that about the first day of January, 1878, the defendant duly employed the plaintiff to publish in the Eldora Ledger, the proceedings of the board of supervisors, at their January, April, and June sessions, the reasonable worth of which was thirty-three and one-third cents per square; that he published of the proceedings of said board, two hundred and twenty-one squares, amounting to $76.68, which the board of supervisors of said county refuses to pay.

The second count of the petition alleges that on the 14th day of May, 1878, the trustees of Grant township in Hardin

county, ordered that an election be held in said township, for the purpose of submitting to the legal voters thereof the question of voting a tax in aid of the Marshalltown and Sioux City Railroad Company, and that plaintiff was requested by the proper officers to publish a notice of said election, which plaintiff did, whereby the county of Hardin became liable for such service, the value of which was twelve dollars

The third count alleges that on the first day of August, 1878, the board of trustees of Concord township, in Hardin county, ordered a special election to be held in said township to submit to the legal voters thereof the question of voting a five per cent tax in aid of the construction of the Marshalltown and Sioux City Railroad, and the plaintiff was requested by the proper officers of said township to publish a notice of said election, which he did, the value of which is ten dollars, which is legally chargeable to said county.

The fourth count alleges that on the first day of August, 1878, the board of trustees of Eldora township, in Hardin county, ordered a special election to be held in said township to submit to the legal voters thereof the question of voting a five per cent tax in aid of the Burlington, Cedar Rapids and Northern Railway, to be constructed through said township, and plaintiff was requested by the proper officers of said township to publish notices of said election, which he did, and that said service is worth twelve dollars, which is legally chargeable to said county. That the plaintiff also published for said townships, upon the same authority, eight hundred tickets and blank railroad petitions, reasonably worth eight dollars and fifty cents, which the board of supervisors of the defendant wrongfully refuse to pay.

The defendant demurred to the second, third, and fourth counts of the petition. The court overruled the demurrer as to the second count, and sustained it as to the third and fourth counts. The cause, as to the first count, was submitted to the court upon an agreed statement of facts.

The court found for the plaintiff on the first and second

counts, and for the defendant on the third and fourth counts. Both parties appealed on the same day.

*Brown & Carney*, for the plaintiff.

*J. & W. S. Porter*, for the defendant.

DAY, J.—I. The agreed statement of facts upon which the cause was submitted, as to the first count, is as follows: "The plaintiff introduced in evidence the following resolution passed by the board of supervisors of Hardin county, at the January session, 1878, to-wit: 'Resolved, that the board of supervisors hereby select the Eldora Ledger and the Iowa Falls Sentinel as the papers in which the proceedings of the board shall be published as required by section 307 of the Code, and the auditor is hereby required to furnish a copy of the proceedings to each of said papers. Also, that the bid of the Eldora Herald for publishing the schedule of the receipts and expenditures of the county, as required by section 304 of the Code, be accepted, and the auditor is hereby required to furnish a copy of said schedule, which shall contain a full list of all claims acted upon by the board.'"

1. COUNTY: board of supervisors: publication of proceedings.

It is admitted that R. H. McBride, plaintiff, was the proprietor and publisher of the Eldora Ledger, during the year 1878. It is agreed that said plaintiff published the proceedings of said board, at the January, April, and June sessions thereof, 1878; and such proceedings published, by them included therein a schedule of the receipts and expenditures of the county, which did state the names of all claimants, the amount claimed, the amount allowed, for what purpose allowed, and a full statement of the amounts of the treasurer's account current in making such settlement, and that said plaintiff, on the third day of September, A. D. 1878, filed with said auditor his claims as follows:

\*  \*  \*  \*  \*  \*  \*  \*  \*  \*

"It is also agreed that said auditor furnished to plaintiff

manuscript copies of the proceedings of the said board suffi-
cient to produce one hundred and twenty eight-squares of
the amount contained in said claim, and no more; and the
board allowed plaintiff therefor the sum of $41.98; and it is
agreed further that plaintiff procured published schedules of
receipts and expenditures of the county, and of accounts of
the treasurer, and other matters recited in section 304 of the
Code, and, as provided by said resolution, should be furnished
to and published by the Herald, amounting to $35, which was
included in plaintiff's said claim of $76.68; and that said
board refused to pay said $35, which was included in plaint-
iff's said claim of $76.68; and that said board refused to pay
said $35 therefor, the same having been published in the
Herald and paid for by the county; that defendant claimed
plaintiff was not entitled to recover for publishing these ac-
counts, and such accounts were not included in the contract.

"The plaintiff claims he is entitled to recover for publish-
ing these last items under such resolution.    The plaintiff re-
fused to accept the sum allowed by the board, and brings
suit.

"It is admitted, that if plaintiff's theory is correct, he
should recover $35.    If defendant's theory is correct, plaintiff
is entitled to nothing under first count of petition.    The
amount charged being correct, if plaintiff was entitled to pub-
lish the matters contemplated in section 304, as part of pro-
ceedings."

Section 304 of the Code is as follows: "They shall cause
to be made out and published immediately after each regular
or special meeting of the board, in at least one newspaper, if
there be one in the county, and if not, by posting on the
court house door, a schedule of the receipts and expenditures
of the county, which shall state the names of all claimants,
the amount claimed, the amount allowed, for what purpose
allowed, and a full statement of the amounts of the treasurer's
accounts at the last settlement as on his balance sheet, or ac-
count current in making such settlement."

Section 307 of the Code is as follows:

The board of supervisors shall, at its January session of each year, select two newspapers published within the county, or one, if but one be published therein, having the largest circulation in the county where published, in which the proceedings of said board shall be published at the expense of the county, and in counties having eighteen thousand inhabitants, a paper printed in a foreign language, if published in said county, shall also be selected, in which such proceedings shall be published; and the auditor shall furnish such papers selected a copy of such proceedings for that purpose; *provided*, "That the cost of such publication shall not exceed one-third the rate allowed by law for legal advertisements."

Section 304 of the Code was contained in the Revision as section 313. Section 307 of the Code was embodied in chapter 118, laws of 166. It is evident that they refer to distinct matters. The matters referred to in section 304 are required to be published in one paper only, without any requirement that it shall have the largest circulation in the county, and without any limitation as to compensation. The matters referred to in section 307 are required to be published in two papers having the largest circulation in the county, and limitation is imposed upon compensation to be paid. In *Haislett v. The County of Howard, post*, it was held that the semi-annual report of a county treasurer, made by him to the board of supervisors at the time of his settlements, is not a part of the proceedings of the board, and should not be published by the board as a part of its proceedings under section 307 of the Code. Section 303 of the Code makes it the duty of the board to examine and settle all accounts of the receipts and expenditures of the county, and to examine, settle and allow all just claims against the county, unless otherwise provided for by law." It follows that the settlement and allowance of claims constitute a part of the proceedings of the board.

It would seem from the agreed statement of facts that

whenever the board allowed a claim against the county, the action of the board thereon was furnished to the editor of the Eldora Herald, to be published under the requirements of section 304 of the Code, and that only the other proceedings of the board were furnished to the plaintiff pursuant to the resolution of the defendant, to be published under the provisions of section 307 of the Code.  It appears from the agreed statement of facts that the plaintiff published the proceedings of the board, including a schedule of the receipts and expenditures of the county, which stated the names of all claimants, the amount claimed, the amount allowed, for what purpose allowed, and a full statement of the treasurer's account current.  No proper construction can be placed upon section 307 of the Code, without considering it in connection with section 304.  Now section 304 of the Code requires the publication in one newspaper of a schedule of the receipts and expenditures of the county, stating the names of all claimants, the amount claimed, the amount allowed, and for what purpose allowed.  If then the same things are embraced in, and required to be published in two papers by section 307 as proceedings of the board, it follows that these things must be published in three papers.  It cannot be supposed that this was the intention of the legislature.  The special provision requiring certain things to be published in one paper, as provided in section 304, removed those things from the operation of section 307 requiring the proceedings of the board to be published in two papers.  In other words the general language used in section 307 must be so construed as not to embrace things specially provided for in section 304.  Unless such construction is placed upon the former section, there seems to be no necessity for the latter, nor propriety in continuing it in force.  It follows that the plaintiff is not entitled to recover under the first count.

II.  The demurrer to the third and fourth counts of the petition was properly sustained.  The county of Hardin is in no way concerned in the voting of

2. TOWNSHIP: voting tax: expense.

taxes in its various townships in aid of railroads, and cannot be required to pay any part of the expense thereby incurred. See upon this question *Turner v. County of Woodbury*, 57 Iowa, 440.

III. It is claimed by the defendant's as well as by the plaintiff's attorney that there is no legal distinction between the second count and the third and fourth counts. In this position of counsel we concur. The only difference in phraseology between the counts is, that the second count alleges that plaintiff was requested *by the proper officers* to preform the service in question, whilst the third and fourth counts allege that the plaintiff was requested *by the proper officers of the township* to preform the service in question. This difference in language is not material. There is no officer who possesses authority to make the defendant liable for the service in question. The demurrer to the second count of the petition should have been sustained. On the plaintiff's appeal the judgment is affirmed, on the defendant's appeal, the judgment is

REVERSED.

3. ——: ——: notice of election: expense.