## HAISLETT v. THE COUNTY OF HOWARD.

1. **Treasurer's Report**: PUBLICATION OF: COMPENSATION FOR. The semi-annual report of the county treasurer to the board of supervisors, is not a part of their proceedings, and is not required to be published under section 307, Code. The law requires only "a full statement of the amounts of the treasurer's accounts" to be published, and there is no special provision fixing the compensation therefor.

*Appeal from Howard Circuit Court.*

TUESDAY, JUNE 6.

THIS is an action to recover of the defendant a balance claimed to be due for publishing in a newspaper of which the plaintiff was proprietor, the semi-annual report of the

county treasurer of the defendant county. There was judgment for the plaintiff. Defendant appeals.

*Reed & Marsh,* for appellant.

*Brown & Wellington,* for appellee.

ROTHROCK, J.—The amount in controversy is less than one hundred dollars. The circuit judge has certified to us the following questions of law for our determination: "Is the semi-annual report of a county treasurer, made by him to the board of supervisors at the time of his settlements with such board, a part of the proceedings of the board of supervisors, and should it be published by the board as a part of its proceedings under section 307 of the Code? And if published by request of the board in the papers which have been selected by it at its January session in which to publish its proceedings, are such papers entitled to recover therefor more than one-third the legal rates for advertisements?

1. TREASUR-ER'S report: publication: compensation for.

Sec. 307 of the Code, is as follows: "The board of supervisors shall, at its January session of each year, select two newspapers published within the county, or one, if but one be published therein, having the largest circulation in the county where published, in which the proceedings of said board shall be published at the expense of the county     *     *     *     *     provided, that the cost of such publication shall not exceed one-third the rate allowed by law for legal advertisements."

It appears to us too clear for argument that the treasurer's semi-annual report is not part of the proceedings of the board within the meaning of this section. The proceedings of the board are its official acts, resolutions and orders upon the various matters which may come before it. The report of the treasurer is no more a part of the proceedings of the board than are road petitions, the statement and verification of claims presented, and the like. If every paper pre

sented to the board for its action thereon should be required to be published in two newspapers as part of the proceedings of the board, the law making such requirement would soon be repealed as utterly impractiable and useless.

It appears from the last question presented in the certificate that the plaintiff published the report by the request of the board, and that his newspaper was one which had been selected to publish the proceedings of the board. In order to determine whether the compensation for such publication is limited to that allowed for publishing the proceedings of the board, it appears to us about all that is necessary to say is that the report is not part of the proceedings, and the compensation provided in section 307 is only for publishing the proceedings. And further, by section 304 of the Code, the supervisors are required to publish in at least one newspaper in the county, if there be one published therein, among other things, "a full statement of the amounts of the treasurer's accounts at the last settlement as on his balance sheet or account current in making such settlement." No special provision is made fixing the compensation for such publication. It will be remembered that we determine only the questions of law certified by the judge. Whether or not the compensation allowed was too large we are not at liberty to decide. We may be permitted to remark, however, that it is an enigma to us how it came that a publication of a treasurer's report of one hundred and four squares in a newspaper can be justified under section 304 of the Code. The amounts of the accounts as on his balance sheet or account current is all that is required to be published.

It appears that the plaintiff has died since this appeal was taken. By a stipulation on file Emma Haislett, administratrix of his estate, is submitted as appellee.

AFFIRMED.