## SPERRY v. KRETCHNER ET AL.

1. **Board of Supervisors:** AWARDING PRINTING TO NEWSPAPERS: IRREGULARITY: INJUNCTION. A board of supervisors has power to award the printing required under § 307 of the Code to the two newspapers having the largest circulation in the county, at 33⅓ cents per square, and to designate two newspapers to do the printing required by § 304, at a rate not exceeding $1.00 per square. But where all the said printing was awarded to the two newspapers having the largest circulation, at 33⅓ cents per square, and to two other newspapers, at 29 2-9 cents per square, *held* that the action was, at most, irregular, and that, since the whole expense so incurred was less than the board was authorized to pay for such printing, a tax-payer had no ground on which to maintain an action to enjoin the supervisors from carrying the award into effect.

*Appeal from Montgomery Circuit Court.*

WEDNESDAY, MARCH 18.

THE plaintiff, who is a tax-payer in Montgomery county, seeks by this action to enjoin the defendants, who are mem-

bers of the board of supervisors of said county, from carrying out a certain contract or resolution of the board, by which certain printing was awarded to four newspapers within the county. An answer was filed, and there was a motion made to strike out certain parts of it, which motion was sustained. Defendants did not amend their answer, and they appeal.

*W. S. Strawn*, for appellant.

*C. E. Richards*, for appellee.

ROTHROCK, J.—At a former term of this court we dismissed the appeal, upon the ground that the amout in controversy, as shown by the pleadings, did not exceed $100, and there was no certificate of the trial judge authorizing an appeal. A petition for rehearing was filed by appellant, and a re-examination of the case leads us to the conclusion that the pleadings do not affirmatively show that the amount in controversy does not exceed $100, and that appellant is entitled to a determination of the appeal on its merits.

The following is a copy of the resolution of the board which gave rise to the controversy: "It appearing that the *Express* and *Record* have the largest circulation in the county, it is ordered that the publication of claims and proceedings be given to said papers at 38⅓ cents per square, under section 307 of the Code, that being their proposition; also that the proposition of the Villisca *Review* and Stanton *Call*, to publish proceedings and claims at 22 2-9 cents per square, be accepted." Section 304 of the Code requires the board to publish in at least one newspaper, if there be one in the county, a schedule of the receipts and expenditures of the county, and a statement of the treasurer's accounts at the last settlement. Section 307 requires the board to publish its proceedings, at the expense of the county, in two newspapers therein having the largest circulation in the county,

and that the cost of such publication shall not exceed one-third the rate allowed by law for legal advertisements.

These sections of the Code provide for different publications. *McBride v. Hardin Co.*, 58 Iowa, 223. Section 304 authorizes the publication of the receipts and expenditures, and a statement of the treasurer's accounts. The compensation for making these publications is not specially fixed by this section of the statute. *Haislett v. Howard Co.*, 58 Iowa, 377. But section 3832 provides that in all cases where publication of legal notices of any kind are required or allowed by law, the person or officer desiring such publication shall not be required to pay more than one dollar per square, etc. The compensation under section 307 would be $33\frac{1}{3}$ cents per square, or one-third the rate allowed for legal advertisements.

The board had the power to award the printing required under section 307 to the two newspapers having the largest circulation. This it did. It had also the power to designate two other newspapers to publish the receipts and expenditures required to be published by section 304, and allow a reasonable compensation therefor, not exceeding one dollar a square. By the resolution of which the plaintiff complains, the publications required by both sections of the statute were awarded to all of the papers named. But the answer shows very clearly that by the contract the expenditure of the money by the county was less than it would have been if the "proceedings of the board" had been published in two papers, and the "receipts and expenditures" in two other papers. This being the state of the case, it may well be inquired what standing a tax-payer can have in the courts to restrain the officers of the county in the performance of their duties, unless he can show that he is in some way prejudiced. This can only be made to appear by showing that the expenditures complained of are in excess of that authorized by law, and that he is thereby burdened with taxation in excess of what should be imposed upon him. Conceding that the board should have designated two papers to publish under

one section, and two papers to publish under the other, the action of the board in this case is a mere irregularity, and, unless prejudicial to tax-payers, they have no right to complain.

We think the motion to strike out certain parts of the answer should have been overruled.

REVERSED.