The Board of Commissioners of Marion County *v.* Center Township.

No. 13,182.

# THE BOARD OF COMMISSIONERS OF MARION COUNTY *v.* CENTER TOWNSHIP.

ELECTIONS.—*Expenses of Township Elections Must be Paid by County.*—Under existing statutes, the necessary expenses of township as well as general elections must be borne by the county and paid by the board of commissioners out of county funds.

From the Marion Superior Court.

*F. J. Van Vorhis, W. W. Spencer, S. Claypool* and *W. A. Ketcham,* for appellant.

*H. N. Spaan* and *J. R. Carnahan,* for appellee.

Howk, C. J.—In this case the questions for our decision are fairly presented, as well for the appellant as for the appellee, by the following error assigned by appellant, in general term of the court below, namely: That the court, at special term, erred in its conclusion of law upon the facts found.

At appellant's request the court made a special finding of the facts of this case, in substance, as follows:

1. At the election for township officers, held in April, 1886, there became due to the several officers of the election boards, for their services as such, the aggregate sum of $1,386.

2. Meals were furnished to such election boards at an aggregate expense of $315.

3. An expense on account of renting rooms, in which to hold such elections, was incurred, amounting to the sum of $315.

4. Stationery, other than the stationery required to be furnished by the county auditor, was furnished by the township trustee, amounting to $10.50.

5. The ballot-boxes were repaired and delivered to the various polling-places at an expense of $68.70.

6. Certain of the ballot-boxes were sent for by the board of canvassers at an expense of $6.

7. There was an expense in hauling chutes to the polling-places of $25.

Since said election the township trustee of Center township had paid each and every of the above and foregoing items of expense growing out of said elections, and had properly demanded payment thereof from the defendant, which was refused.

The court at special term stated, as its conclusion of law upon the foregoing facts, that the plaintiff, Center township, was entitled to recover of the defendant, the board of commissioners, etc., the sum of $2,126.20, being the aggregate amount of the expenses of the April election, 1886, in Center township, as found by the court.

Under our government and laws, elections must be held at stated times, and, of course, all necessary expenses, incurred in holding such elections, must be borne and paid out of public funds. It is not claimed in the case in hand, that the expenses of the April election, 1886, or any part thereof, were improper or unnecessary. But the appellee insists that all the expenses incurred, growing out of such election, were payable, under the law, out of the county funds, and that Center township, having paid the amount of such expenses, has a valid claim against appellant for reimbursement out of the funds of the county. The trial court adopted the views of the appellee, on the question in controversy, and rendered judgment in its favor against appellant for the full amount of the expenses of such election, and this judgment was affirmed by the court in general term.

It would seem to be clear, that all the expenses incident to a general election must be borne and paid by the proper county board out of the proper county treasury. The statute concerning elections, etc., in force since September 19th, 1881, provides for the holding of an election in each township of each county in the State, on the first Monday of April, 1882, and every second year thereafter, for the purpose of electing certain officers for the township. Of course, it would have been competent for the Legislature to have provided that the expenses of such election should be borne

The Board of Commissioners of Marion County *v.* Center Township.

by the proper township, and paid out of the township funds. But the statute contains no such provision. It does provide that such township elections "shall be conducted by the officers of and governed by the provisions of the law with respect to general elections so far as applicable." Section 4735, R. S. 1881. Under this provision, the county boards have the same powers, and must exercise the same duties, in relation to township elections, which the statute confers on them with respect to general elections. The county board must provide a voting place in each precinct, and must divide a precinct into two or more precincts, whenever public convenience or the public good may require it, as well for township elections as for general elections. Blank forms of poll-books and other forms must be furnished for township elections, as for general elections, and paid for out of the county treasury. The county board must provide, at the expense of the county, a ballot-box for each precinct in the township, for township as well as for general elections. So, also, meals must be furnished to the members of the election board, at the regular hours for meals, during the election day and until the count is finished, at the expense of the county, as well in township as in general elections.

Construing together all the provisions of the statute concerning elections, which are applicable to all elections alike, we are of opinion that it was the intention of the Legislature, in the enactment of such statute, that the necessary expenses of all elections, township as well as general, should be borne and paid by the proper county board, out of the funds of such county. We have found no error in the record of this cause which authorizes or requires the reversal of the judgment.

The judgment is affirmed, with costs.

Filed Oct. 9, 1886.