## BOARD OF COMMISSIONERS OF THE COUNTY OF DUBOIS *v.* JOHNSON ET AL.

[No. 8,962.    Filed May 26, 1915.]

RAILROADS.—*Township Aid.*—*Expense of Election.*—*Statutes.*—The provisions of §5488 Burns 1914, Acts 1869 (s. s.) p. 92, providing that should an election to vote aid to a railroad result in favor of the railroad appropriation, the expenses of the election, after being paid by the county or township, as the case may be, shall be charged against the railroad company, etc., govern the payment of the expenses incurred in a special township election held to vote aid to an interurban railroad, and, when considered in the light of the original act for voting aid to railroads (Acts 1869 [s. s.] p. 92) and the amendments thereto, require that the expenses of such an election, if not held in the entire county, shall be paid by the particular township or townships in which the election is held. (*Board, etc.* v. *Center Tp.* [1886], 107 Ind. 584, distinguished.)

From Dubois Circuit Court; *John L. Bretz,* Judge.

Action by Ed C. Johnson and others against the Board of Commissioners of the County of Dubois. From a judgment for plaintiffs, the defendant appeals. *Reversed.*

*Richard M. Milburn, Michael A. Sweeney, Joseph W. Yager* and *George W. Goble,* for appellant.

*A. L. Gray,* for appellees.

IBACH, P. J.—There was an appeal by appellees from the refusal of the board of commissioners to allow their claims as officers of a special railroad election in Patoka Township, Dubois County, to the circuit court, which granted their claims and appellant is appealing from the circuit court judgment. The only error assigned is in the court's conclusion of law on the facts found. The sole question for the court to decide is who is to pay the expenses of a special

railroad election held for the purpose of voting a subsidy by the township to aid in building a railroad through the township, appellant claiming that the township should pay the expenses, appellees that the county must pay.

The special finding of facts shows the filing of a proper petition by more than twenty-five voters of Patoka Township asking that the votes of the legal voters of said township should be taken on the proposition of voting aid to the Vincennes Southeastern Interurban Railway Company to construct a railroad through said township, that the board of commissioners found the petition sufficient, and ordered the special election, proper notice was given, the board of commissioners appointed appellees as inspectors to hold the election, certain expenses were incurred by inspectors as such, which were certified to the board of commissioners and disallowed by it.

In its conclusions of law the court held that the board of commissioners should pay the expenses of the election. Section 5464 Burns 1914, Acts 1889 p. 82, provides for the calling of a special election upon petition of twenty-five freeholders of a township, to decide whether the township shall vote aid to a railroad. The sections following this provide for the manner and method of calling the election. The section of the original act corresponding to §5464, *supra,* permitted the holding of an election in an entire county on petition of one hundred freeholders, and permitted a county to aid a railroad in the same manner as a township. Acts 1869 (s. s.) p. 92, §1. The first section of the original act, and some of the succeeding sections, were amended by subsequent legislatures, taking away from counties the right to give aid to railroads, and limiting that right to townships, and in 1903, the provisions of the act were extended to interurban railroads. Acts 1903 p. 223, §5465 Burns 1914. Section 19 of the original act (§5488 Burns 1914, Acts 1869 [s. s.] p. 92) has never been amended, and is as

follows: "The officers conducting the election provided in this act shall be allowed the same pay as is allowed for like services in case of a general election. Should the election result in favor of a railroad appropriation, the expenses of the election, after being paid by the county or township, as the case may be, shall be charged against the railroad company benefited, and deducted out of the first moneys collected by virtue of the appropriation."

This section governs the payment of the expenses of such elections, and the proper construction of such section when considered with the other sections of the original act and the amended sections, seems to be that the county shall pay for an election held in an entire county for the purpose of voting aid to a railroad, but where an election is held only in a particular township or townships, the expenses shall be paid by such township or townships. To place any other construction on the statute would render it meaningless. We think, therefore, that the court erred in holding that the county should pay for the election involved in the case at bar.

Appellees rely on the case of *Board, etc.* v. *Center Tp.* (1886), 107 Ind. 584, 8 N. E. 625. That case decided that counties must pay the expense of elections for township officers, for the reason that the statute provides that township elections shall be conducted by the officers of and governed by the provisions of the law with respect to general elections so far as applicable. §4735 R. S. 1881, Acts 1881 (s. s.) p. 482. The court said, "Of course, it would have been competent for the legislature to have provided that the expenses of such election should be borne by the proper township, and paid out of the township funds. But the statute contains no such provision." In the present instance the statute specifically provides for the bearing of the expenses of the railroad election by the township in which the election is held, and therefore, the case does not fall within the decision in the case above cited. See also

as supporting our holding, the cases of *McBride* v. *Hardin County* (1882), 58 Iowa 219, 12 N. W. 247, and *Turner & Co.* v. *Woodberry County* (1881), 57 Iowa 440, 10 N. W. 827.

Judgment reversed, with directions to the court to restate its conclusions of law in accordance with this opinion, and render judgment accordingly.

Note.—Reported in 108 N. E. 965. As to the purposes for which the power of taxation may be asserted, see 8 Am. St. 506. See, also, 38 Cyc. 640; 11 Cyc. 491.