## Commonwealth ex rel. Holleran v. Holleran and Beerbower.

*Habeas corpus for custody of child—Extraterritorial effect of decree of court of sister state.*

1. The decree of a court of a sister state, awarding the custody of a child to the father, is not binding upon the court within whose jurisdiction the child was maintained at the time the order of the sister state was made.

2. A foreign decree of divorce is not *res adjudicata* as to the children of the parties to the proceedings in divorce; their interests are always the subject of inquiry by the courts in whose jurisdiction they may be found.

3. A child is not in any sense the property of the parents or of either of them, but the state in which the child lives has an interest in its welfare and has the sole right to place the child in such environments as promote the best interests of the child.

*Habeas corpus.* C. P. Somerset Co., Sept. T., 1921, No. 408.

*P. G. Cober* and *Boose & Boose,* for relator.

*Daryle R. Heckman* and *Ross R. Scott,* for defendants.

BERKEY, P. J.—The relator presented his petition, alleging the respondents restrained John Michael Holleran, aged three and a half years, of his liberty, and, by artifice and force, have carried away the said child from relator's sister, in whose care and custody he had placed him, and keep possession of the child against the expressed wish and demand of relator, his lawful custodian. Whereupon the court awarded the writ, and upon return thereof, the

child was brought into court; the respondents then filed an answer denying (1) the defendant had a legal right to the custody of the child; and (2) that the place where and persons with whom John Michael Holleran was living and stayed, at Connellsville, Pa., was not a proper place for him to be, nor were they fit persons to have the custody and rearing of said child; and that at the time said child was secured by Clara Holleran, his mother, he was found to be in a dirty condition and covered with body lice. Thereupon the court heard the testimony of the parties, and therefrom finds the following

### Facts.

1. The relator and Clara Holleran became acquainted some years ago, and at the age of fourteen years she gave birth to Paul Holleran, being relator's child, and six years thereafter relator married her, from which marriage resulted the child, aged four years, the subject of this suit.

2. The child was brought within Somerset Borough, Somerset County, Pennsylvania, by Verna Beerbower, one of the respondents, about the middle of May, 1921, where he remained in her custody until July 14, 1921, when the relator took him to the City of Connellsville, Fayette County, Pennsylvania, where he remained with a bachelor brother and two spinster sisters, living as a family, until Aug. 24, 1921, when the respondents brought him back into the home of Verna Beerbower, within Somerset Borough, Somerset County, Pennsylvania.

3. The relator is a locomotive engineer, running on Somerset and Cambria Branch of the Baltimore & Ohio Railroad, who begot a bastard child upon the woman-child aged fourteen years, now discarded by him on the ground that she has been unfaithful to him since he married her; he has no known place of abode, though he owns a home in Cumberland, Maryland, and no place to keep the child, save with his bachelor brother and spinster sisters.

4. The child's mother, in a divorce proceeding against her in the Circuit Court of Allegheny County, Maryland, was found guilty of adultery in a decree by said court, Aug. 26, 1921, but divorce refused to the husband because he had condoned the offence; she has no permanent place of abode, but calls Verna Beerbower's dwelling, her mother's abode, her home.

5. The Circuit Court of Allegheny County, Maryland, further decreed as follows: "And it is further adjudged, ordered and decreed that the custody of the two minor children of said parties, to wit: Edward Paul Holleran, aged eleven years, and John Michael Holleran, aged three years, is retained by the court, and the court does hereby entrust the guardianship and custody of said children to the plaintiff, Michael Holleran, until the further order of this court."

6. Verna Beerbower, one of the respondents and maternal grandmother of the child, owns her home in Somerset Borough; keeps a boarding and rooming house principally for railroad employees as a business; she is a woman of good repute, and at numerous times has had the custody of the child and kept him well.

7. The child when taken away from the home of the relator's brother and sisters by the respondents was lousy.

8. Neither of the parents of the child are proper persons to have the custody of the child.

### Conclusions of law.

1. The Circuit Court of Allegheny County, Maryland, Aug. 26, 1921, did not have jurisdiction of John Michael Holleran to decree the custody of him.

1 D. & C.

DISTRICT AND COUNTY REPORTS.                    797

Commonwealth ex rel. Holleran v. Holleran and Beerbower.

2. The decree of the Circuit Court of Allegheny County, Maryland, has no extraterritorial effect beyond the boundary of the state where it was rendered.

3. In arriving at a conclusion as to the custody of the child, the court will consider first the best interest and permanent welfare of the child.

The relator rests his case upon the decree of the Circuit Court of Allegheny County, Maryland, of Aug. 26, 1921, made in a proceeding in divorce in which Michael Holleran, the father, was the libellant, and Clara Holleran, the mother, was the respondent, which reads:

"It is thereupon, this 26th day of August, 1921, by the Circuit Court for Allegheny County, adjudged, ordered and decreed:

"First. That the decree of divorce is hereby refused.

"Second. That the charge of adultery having been proven against the defendant, the said Michael Holleran is released from the payment of alimony to the defendant, Clara Holleran.

"Third. And it is further adjudged, ordered and decreed that the custody of the two minor children of said parties, to wit, Edward Paul Holleran, aged eleven years, and John Michael Holleran, aged three years, is retained by the court, and the court does hereby entrust the guardianship and custody of said children to the plaintiff, Michael Holleran, until the further order of this court."

The Maryland Code, under which this decree was made, reads: "And (the court) shall also have power to order and direct who shall have the guardianship and custody of the children, and be charged with their maintenance and support."

The child was beyond the jurisdiction of the court entering the decree from along the middle of May, 1921, or a period of about one hundred days previous to Aug. 26, 1921. It appears from the decree in the divorce proceedings that the court had jurisdiction of the parties, yet from the evidence in the case it is not clear that either was domiciled in Maryland. The courts uniformly have held that a child is not in any sense the property of the parents, or of either of them, but that the state in which it lives has an interest in its welfare and has the sole right to place the child in such environments as promote the best interests of the child. Courts have repeatedly held that a foreign decree of divorce is not *res adjudicata* as to the children of the parties to the proceedings in divorce, but that the interests of the children are always the subject of inquiry by the courts in whose jurisdiction they may be found: Kline v. Kline, 57 Iowa, 440, 10 N. W. Repr. 825; Matter of Bort, 37 Am. Rep. 255; De La Montanya v. De La Montanya, Jr., 32 L. R. A. 82; Avery v. Avery, 5 Pac. Repr. 418; In re Alderman, 39 L. R. A. (N. S.) 988, 992; Kentzler v. Kentzler, 28 Pac. Repr. 370; Wilson v. Elliott, 73 S. W. Repr. 946.

The relator contends the Maryland decree is binding on this court. Section 1 of art. IV of the Constitution of the United States provides: "That full faith and credit shall be given in each state to the public acts, records and judicial proceedings of every other state, and Congress may by general laws prescribe the manner in which such acts, records and proceedings shall be proved, and the effect thereof."

The record of the Maryland court was duly authenticated, as provided by Act of Congress, and received in evidence upon the trial.

The evidence in the case shows that at the time the Maryland decree was made the child had been within the jurisdiction of the courts of Pennsylvania more than three months. Such evidence was clearly admissible to show the

court of the sister state was without jurisdiction to enter the decree as to the custody of this child: Noble v. Thompson Oil Co., 79 Pa. 354; Guthrie v. Lowry, 84 Pa. 533; Price v. Schaeffer, 161 Pa. 530; Hughes v. Schreiner, 202 Pa. 488; Stilwell v. Smith, 219 Pa. 36.

The undisputed evidence in the case showing the child was in Pennsylvania when the decree of the Circuit Court of Allegheny County, Maryland, was made, that court did not have jurisdiction to enter a decree binding upon this court.

Having arrived at the conclusion this court has jurisdiction to make a decree upon the established facts revealed by the testimony in the case, and authority by virtue of section 2 of the Act of the General Assembly approved June 26, 1895, the following decree is entered: See, also, Com. ex rel. Hart v. Hart, 8 W. N. C. 156; Com. ex rel. McDonald v. McDonald, 20 Dist. R. 1071:

*Decree.*

Now, Oct. 24, 1921, after a full hearing of the parties and on consideration of the testimony taken in the above entitled matter, and the argument of counsel, it is ordered and decreed that the child, John Michael Holleran, be remanded into the custody of Mrs. Verna Beerbower, the maternal grandmother, and there to remain until the further order of the court.

The writ of *habeas corpus* to stand over as a pending writ, subject to such further action as may hereafter be adjudged by the court to be right and proper in relation to the custody of said child.

The record costs of this proceeding to be paid by the relator.