## Sprout v. Kelly.

1. **Fees of officers: CLERK OF THE DISTRICT COURT.** The fees of officers for enumerated services, being fixed by law, and it being declared that no compensation shall be allowed them other than those expressly provided for by statute, they cannot charge fees for services for which no specific fee is allowed.

2. —— It was accordingly *held* that the clerk of the district court cannot charge and tax as a part of the costs, a separate fee for assessing the amount due on a promissory note for which judgment is given.

*Appeal from Jones Circuit Court.*

FRIDAY, JUNE 20.

ACTION on a promissory note. The defendant answered, admitting the execution of the note, and pleading partial payment. Afterward the plaintiff amended his petition by verifying the same, which defendant was ruled to answer, and failing to do so judgment was rendered on the note for the amount due, which was referred to the clerk to ascertain, and judgment entered for the amount so found by the clerk and for costs. The clerk taxed, among other fees, the sum of $3 as his fee for assessing the amount due on the note. The defendant filed a motion to re-tax costs, which the court overruled. Defendant appeals.

*G. W. Field* and *J. L. Sheean* for the appellant.

*Scott & Ercanbrack* and *E. Keeler* for the appellee.

MILLER, J. — It is conceded that the statute does not specifically allow to the clerk a fee of $3, or any other specific sum for his services in computing the amount due on a promissory note. Section 3151 of the Revision provides that, " when the action is for a money demand, and the amount of the proper judgment is a mere matter of computation, the clerk shall

ascertain the amount. When long accounts are to be examined, the court may refer the matter. In any other case the court shall assess the damages, unless a jury be demanded by the party not in default. The proper amount having been ascertained by either of the above methods, judgment shall be rendered therefor." This section directs the various methods of assessing damages against a party in default. In actions on promissory notes or other instruments, where the proper amount is a mere matter of computation, this duty is to be performed by the clerk.

For this particular duty no specific fee is allowed by the statute, but it is claimed by appellee's counsel that, since he is required to perform the service, he is entitled to a reasonable compensation. In support of this claim they cite *Ripley* v. *Gifford*, 11 Iowa, 367. That case, however, does not sustain this position. In the enactment of the Revision of 1860, chapter 136 of the Code of 1851, which provided for the fees of the various State, county and township officers, was, through inadvertence, omitted; so that for a time there was no statute fixing the fees of officers, and in this condition of the law it was held in that case, that the clerk of the district court was entitled to charge and collect in advance of filing a petition the fee of $2.50, which was the fee allowed by the repealed chapter. And it was further held that when the compensation of an officer is not fixed by law at the time he renders services, he may demand a reasonable compensation in advance, or retain papers or documents in his possession, in and about which he has rendered services, until such compensation is made; and such costs should be taxed against the losing party. The doctrine stated is that the officer is entitled to compensation for his services, and when his compensation is not fixed by the law he would be entitled to charge reasonable fees, etc.

It has no application, however, to the case before us. At the time when the services were rendered in that case, the compensation of the clerk was not fixed by the statute. When the services were rendered in this case the statute did and does

fix his compensation. See chap. 1, laws of extra session of 8th Gen. Assembly; also, art. 3 of chap. 29, Revision, being chap. 159 of laws of regular session of 8th General Assembly. By this act as found in chapter 29 of the Revision, the salary of the clerk of the district court was abolished, and he was allowed, *in lieu thereof*, the fees there specified.

By the act of the extra session of 1861, " chapter 162, as the . same is printed in the Revision," was revived and declared in full force except sections 4136, 4137, 4140, 4141. This chapter (162) provides the compensation of officers, the first section of which (4131) provides that " no officer is allowed fees or other compensation for any services farther than is *expressly* allowed by law." And by section 4167 (in this same chapter), it is made a misdemeanor in any officer who willfully takes higher *or other* fees than are allowed by law. It seems beyond doubt, therefore, that, since the compensation of the clerk is fixed by law, in that it allows him to charge certain specific fees, that he is not allowed any fees or other compensation farther than is expressly allowed by law, and that since the fee here charged is not so expressly allowed, it follows that he is not entitled thereto.

It is, however, insisted by appellee's counsel, that the court, in its discretion, could properly allow this charge under section 3459 of the Revision, which is as follows : " The clerk shall tax, in favor of the party recovering costs, the allowance of his witnesses, the fees of officers, the compensation of referees, the necessary expenses of taking depositions by commission or otherwise, and any further sum for any other matter which the court may have awarded as costs in the cause, or may deem just to be taxed." It seems very clear that this section affords no warrant for the clerk to tax " fees of officers " not allowed by law, that being expressly forbidden ; and whatever may be the true construction of the last clause of the section, it can not be held to destroy the force of clear and express prohibitions in the statute.

Reversed.