\*C. H. McNIDER, Administrator, Appellee, v. S. A. SIRRINE, Appellant.\*

1. **Costs:** DEPOSITIONS TAKEN IN ANOTHER STATE: COMMISSIONER'S FEES. Where a deposition is taken on commission out of this state no greater sum can be taxed up as costs for the fees of the commissioner than is allowed by section 3835 of the Code, though the commissioner taking the deposition is permitted by the laws of the state where the same is taken to charge a greater sum, and the same has been paid by the party in whose behalf the deposition was taken.

\*The opinion rendered upon the first submission of this cause was by mistake forwarded to the reporter with the opinion for the October term, and the fact of a supplemental opinion having been filed was not known to the reporter until after the former opinion had been printed. For the opinion filed upon the first submission, see *ante*, p., 58.

2. ———: APPEAL: TRANSCRIPT. The expense of making a type written copy of the appellant's abstract of the record in a cause cannot be taxed as costs upon appeal.

3. ———: STATEMENT OF ACCOUNT MADE ON REQUEST. A witness is not entitled to have taxed as costs the expense of making a statement of account from his books, made at the request of the party calling him.

*Appeal from Cerro Gordo District Court.*—HON. G. W. RUDDICK and J. C. SHERWIN, Judges.

MONDAY, FEBRUARY 8, 1892.

*Blythe & Markley*, for appellant.

*Stanberry & Clark*, for appellee.

UPON REHEARING.

KINNE, J.—I. In a petition for a rehearing, the appellant calls attention to the second division of the foregoing opinion in this case (50 N. W. Rep. 200), wherein we held that the abstract did not show that we had before us "all the evidence or showings upon which the district court acted in overruling the motion" of the appellant to retax certain costs. It is insisted that the statement was erroneous, and reference is made to a stipulation on file in the case in which it was agreed by the parties that the abstracts of record filed contained "all the evidence introduced or offered upon the trial." It is apparent that this stipulation, which was filed after the filing of the appellee's abstract, did not come to the notice of the court when the former opinion was written. The appellant moved to retax certain costs. The motion was overruled, and he excepted and appeals.

In preparing the case for trial it became necessary to take the depositions of witnesses residing in Dakota, California, Minnesota and Illinois; and it appears from the showing made that the clerk of the district court, in taxing the fees for taking said depositions in each

case, taxed a less sum than the appellant had in fact paid therefor. He contends that there should be taxed the sum actually paid in each case. While the record does not disclose the fact, yet it may be presumed, in the absence of a showing to the contrary, that the clerk taxed the fees allowed by the statutes of this state for such services. The appellant says the question is "whether, when a deposition is taken on commission out of the state, and the notary taking the same is permitted by the laws of the state where the same is taken to charge a greater amount than is fixed by our statutes, and the same is paid by the party in whose behalf the same is taken, should the same be taxed at the fees chargeable in the state where taken, or by the fees chargeable in this state?" By section 270 of the Code it is provided that a commissioner for another state is authorized to demand for his services "the same fee as may be allowed for similar services by the laws of the state in which he is to exercise his office." Section 3754 of the Code provides: "In all cases of taking depositions as hereinbefore provided, the costs thereof must be paid in the first place by the party at whose instance they are taken, subject, like other costs, to be taxed against the failing party in the suit." By section 3725 of the Code it is provided that notaries may take depositions. Section 2942 is as follows: "The clerk shall tax in favor of the party recovering costs the allowance of his witness fees, the fees of officers, the compensation of referees, the necessary expenses of taking depositions by commission or otherwise, and any further sum for any other matter which the court may have awarded as costs in the progress of the cause, or may deem just to be taxed." Section 3835 of the Code is as follows: "Any officer or person taking depositions is authorized to charge therefor at the rate of ten cents per hundred words, exclusive of the certificate." It is clear that only such fees can be charged as the statute fixes for the service rendered. *Palo Alto*

*County v. Burlingame,* 71 Iowa, 202; see *Sprout v. Kelly,* 37 Iowa, 45. A notary taking depositions in another state may be said to be acting as a special officer of the court in this state which commissions him. He must comply with the laws of this state as to the manner of taking depositions, and we think his compensation is limited to the statutory fee. The fact that another provision is made regarding fees of commissioners in other states, if of any weight in this connection, may be said to strengthen the view we take as to the compensation of notaries in such cases. We cannot extend or set aside the plain provisions of the law as to fees, and no authority has been cited which justifies the appellant's contention. When the statute says, "the costs thereof must be paid in the first place by the party at whose instance they are taken, subject, like other costs, to be taxed against the failing party in the suit," it certainly has reference to such costs as are provided by our statutes, and hence legally taxable. The provision in section 2942, "the necessary expenses of taking depositions by commission or otherwise," evidently refers to depositions taken on notice, on agreement or on commission; and "necessary expenses" may cover fees of witnesses, and of officers serving such witnesses and the like. Any other construction of the language used would authorize the taxing of fees for depositions taken by notaries in this state for use in our courts, without regard to the express provision of section 3835 of the Code.

If, however, it should be conceded that the fees paid should in a proper case be taxed, it appears that the appellant is in no position in this case to make such claim. The affiant Markley swears that the sums paid for taking the depositions were so paid "because the same were charged by said officers, and lawfully, as I understood, under the statutes and laws of the states where the same were taken." In the showing made to retax costs, it nowhere appears that the fees allowed for

such services in the several states named are other or different from those provided by our statute. We must presume, in the absence of evidence to the contrary, that the laws of the states referred to in this respect are like our own; and the mere statement in the affidavit of the affiant's understanding of the laws of the states referred to therein is, it seems to us, not a sufficient showing to overcome such presumption.

II. The seventh ground of the motion to retax costs is based on the fact that the appellant has become liable for the sum of one hundred and thirty-five dollars for "making or writing" an abstract. It seems from the record that the appellant's attorneys, in compliance with the rules of this court, prepared an abstract, which they caused to be written out on a typewriter, and for which they were to pay one hundred and thirty-five dollars. This is an item of expense which the law does not authorize to be taxed as costs. It is not a transcript of the shorthand notes, but, as it seems, a typewritten copy of the abstract of record as prepared by the appellant's counsel.

2. ——: appeal: transcript.

III. The appellant also contends that his client was called as a witness by the plaintiff, and required by him to make and prepare a statement of account from his books; that it required the labor of one man for four weeks to make such statement, and that it was worth fifty dollars. From the affidavit supporting the motion, it appears that this statement was "requested by the plaintiff." It is not claimed that this work was done under any order or direction of the court, or in pursuance of any agreement of the parties. While the appellant could in a proper case have been compelled to produce his books, we do not understand how he could be compelled at the instance of the plaintiff to furnish him statements of account therefrom. Doubtless, when the books were produced, in a proper case, such of their contents as were material and competent

3. ——: statement of account made on request.

might be transcribed by the reporter or notary; but the appellant was under no obligation, at the request of the plaintiff, to expend any sum whatever in making and rendering statements of account. This labor, having been voluntarily undertaken and rendered, cannot be recovered for as costs. There was no error in overruling the motion to retax costs.

We have carefully examined the opinion as to all the other points urged in the petition for a rehearing, and are content with the conclusions reached thereon. A rehearing is therefore denied, and the cause will stand AFFIRMED.