Ripley v. Gifford.

Reversed and cause remanded with directions to enter a decree in accordance with this opinion.

Reversed.

---

## RIPLEY V. GIFFORD.

11 367
82 166

11 367
104 234

11 367
121 580

1. FEE BILLS. Chapter 136 of the Code of 1851 was repealed by the Revision of 1860.

2. BOARD OF SUPERVISORS. The Board of Supervisors has no power under clause 14, chapter 312 of the Revision of 1860, to provide an entire fee bill for all officers whose fees have not been fixed by law. The power of the Board is restricted to cases in which the fees are to be paid out of the county treasury.

3. PRE-PAYMENT OF FEES: HOW TAXED. When the compensation of an officer is not fixed by law at the time he renders service, he may demand a reasonable compensation in advance, or retain papers and documents in his possession in and about which he has rendered service, until such compensation is paid; and such costs should be taxed against the losing party.

### *Appeal from Scott District Court.*

FRIDAY, DECEMBER 28.

ON the 29th day of October, A. D. 1860, the relator presented to the respondent, who is the clerk of the Scott District Court, his original petition and asked that the same should be filed and the cause treated as pending in said Court. This the clerk refused to do without the pre-payment of $2,50, as required by section 2527 of the Code of 1851. Relator tendered to him ten cents, being, as he claimed, a reasonable fee or compensation for the service demanded, and insisted that the paper should be filed. The clerk still refusing, relator applied, by proper petition, for the writ of mandamus. Upon the hearing, the court below ordered the peremptory writ, and respondent appeals.

*George E. Hubbell* for the appellant.

*Corbin, Dow & Brown* for the appellee.

WRIGHT, J.—The determination of this case involves the question, whether since the taking effect of the Revision of 1860, we have now any law fixing the fees of the clerk of the District Court. And whatever confusion or hardship may result from the conclusion, we feel constrained to hold that we have not; and as a consequence, that respondent had no right to demand the pre-payment of the docket fee, $2,50, as was his right and duty under the Code of '51.

Chapter 136 of Part Third of the Code of 1851, provided for the compensation of officers, including the clerk of the District Court. By section 2527 of this chapter, the clerk was required to charge at the commencement of an original suit, $2,50; and this with all other fees had to be (section 2528) paid in advance or secured. Section 4187 of the Revision of 1860, *repealed all portions of Part Third of the Code of 1851*, and all parts of all acts within the purview of said Revision, *which is not in said Revision contained either literally or by numerical designation.* No part of Chapter 136 of the Code of 1851, was contained in the Revision of 1860, as it passed the Legislature. Nor is there anything in the present provision now in force in the place of said chapter 136. It is claimed that as reported by the commissioners, the Revision did contain, substantially, the chapter of the old Code "fixing the compensation of officers." However this may be, it is undeniably true, that the report was amended by striking out or omitting this chapter, for it is not a part of the act as it finally passed the General Assembly. And thus it has occurred that the General Assembly, while enacting what was regarded and intended as a substitute for Part Third of the old Code, omitted entirely to make any provision on the subject of costs and fees, so far as the same was covered and provided for in chapter 136 of said Part.

That this was done from design, is not pretended. That

it was intended, however, to repeal, and provide a substitute for all of Part Third, is very clear and not denied. In doing this there was an omission to provide a "fee bill," or any law on the subject of costs and compensation of officers, corresponding to the former law, and this omission it is not in our power to supply. The rule that the real intention of the Legislature, when ascertained, will prevail over the literal sense, has no application. The Legislative act unmistakably fails to provide for the compensation of these officers. There is no obscurity, nothing left in doubt. There is no language that we are called upon to construe. It is simply a *casus omissus*, and we can not presume that, because the General Assembly *ought* to have provided a "fee bill," that they would, therefore, have re-enacted the old one, any more than we can presume they would have enacted another and different one. To say that chapter 136, is still in force, would be most palpable judicial legislation. The legislative will is frequently as clearly shown, by the omission to legislate upon a given subject, as by the use of language the most positive and explicit. It is our duty to *declare* the law, that of the Legislature to *make* it. Our province is not by interpretation and construction to supply an omission, any more than it is to declare the law otherwise than we find it, when the language used is clear, explicit and positive. The duty of courts in this respect is too well and uniformly settled to permit a departure from it, however great the necessity or pressing the exigency.

The *consequences* to result from this view, have been strongly urged by those claiming that the legislature, intended to re-enact the old law. With these consequences we have nothing to do, in a case so free from doubt and uncertainty. It is insisted, however, and is perhaps not inappropriate, that we should state, to some extent, our views as to the rights and duties of the clerk and other officers under the law as it now stands.

There is no statute fixing the fees of Secretary of State, Clerk of the Supreme Court, Recorder, Sheriff, Coroner, Constable, Notary Public, Justice of the Peace or County Surveyor. And yet beyond controversy, they are each entitled to compensation for their services. This compensation, if not fixed and settled at the time the services are required, would be what the same were reasonably worth. Each officer may also, in our opinion, if he so desire, require the pre-payment of fees for the services demanded. Or, for any services rendered, he may retain any papers or documents in his possession in and about which he has bestowed labor, until the reasonable value of said services shall be paid. Thus if the clerk of the Supreme Court, or a justice of the peace, is required to issue an execution, he may either demand the pre-payment of his fee therefor, or refuse to deliver the same after its preparation, until such fee shall be paid. After the first of January, 1861, the law (Chap. 29, Article 3, Revision of 1860) provides a fee bill for the clerk of the District Court; and after the first Monday in the same month, there is a similar provision for the county judge. (Article 4, Chapter 29.) When these provisions shall be in force, therefore, all difficulty as to these officers will be removed. Under section 3449, these costs, if accruing in an action pending in court, are to be recovered by the successful against the losing party. As to the fees of the sheriff, the difficulty is not obviated. Nor can the supervisors, under the power given by clause 14, Chapter 312, fix these fees. That provision primarily has reference to such cases as are contemplated in section 430, where the clerk renders services for which no fees are provided. It was not intended to confer the power of providing an entire fee bill for all officers, when none had been provided by the legislature. The language that they shall not only fix the compensation, but also "provide for the payment of the same," shows that it contemplated those cases where payment was to be made from the county treasury.

It has been suggested that Section 3465 gives the court power to fix the compensation of its officers. This section is found in Chapter 137, which lays down some general rules on the subject of costs in judicial proceedings. And after giving these general rules, Section 3465 provides that if a case shall occur not embraced in the express provisions of the law, neither directly nor by fair implication, the court may make such *disposition of the costs*, as in its sound discretion may seem right. This, as we construe it, only gives the power to *dispose* of the costs in any case which may arise not falling within the previous general provisions or other parts of the law. The *disposition* here contemplated, relates to the taxing of the costs against one party or the other, as may seem right in the exercise of a sound discretion, under the peculiar circumstances of the case.

We are not aware that it is in the power of the court to fix in advance, what costs or fees the several officers shall charge. The statute, however, has not left the rule in all respects as it stood at common law. For we have seen that it is declared that costs shall be recovered by the successful against the losing party. What these costs shall be, however, is not declared. We know of no remedy therefor, other than as above suggested, unless the officers, when no fee bill is provided, shall tax costs as heretofore, and leave parties aggrieved, if any, to resort to the courts for their correction or avoidance. And when so appealed to, courts we doubt not, would feel bound, as far as possible, to render full and just compensation to those who by an unusual and extraordinary legislative omission, have been left without any certain rule for their guidance.

Affirmed.