## CHRIST v. POLK COUNTY.

**1. Fees: CITY MARSHAL.** Under section 536 of the Code, the marshal of a city is not entitled to recover from the county in which the city is located for services rendered in the administration of the criminal law.

*Appeal from Polk District Court.*

FRIDAY, APRIL 19.

THE plaintiff was marshal of the city of Des Moines from the 1st day of April, 1876, until the commencement of this action. As such marshal he made arrests, served processes, and did other acts incumbent upon him as duties pertaining to his office in cases wherein the State of Iowa was plaintiff. This action is brought to recover of Polk county for fees in such cases. The parties made a stipulation in regard to the facts, and also as to what questions of law should be submitted to the court. The stipulation is in the following words:

"1. It is agreed that the plaintiff was, at the time the services hereinafter referred to were rendered, the duly appointed and qualified marshal of the city of Des Moines, in the said county of Polk.

"2. That if the questions of law herein submitted to the court shall be decided in favor of the plaintiff, then it is agreed that he may have judgment for whatever amount the records of the police court of said city show him entitled to, as fees as such marshal involved in this suit, either as sheriff's or constable's fees, as shall be determined by the court."

The following questions of law are submitted to the court:

"1. Is the plaintiff, as marshal, entitled to any fees as claimed against the defendant?

"2. If so, is he entitled to sheriff's or constable's fees? If to both, then in what cases?

"3. Has the police court of the city of Des Moines, as a

court of record, jurisdiction to send persons to the reform
school?

"4. Is the marshal entitled to fees for each calendar day
for attending trial, when more than one trial is had on the
same day, or is he entitled to one dollar for attending each
trial, and when more than one trial is had on the same day?"

The court made a finding as follows:

"1. The plaintiff, as marshal, is entitled to fees against the
defendant as follows: In such cases as pertain to the police
court as a court of record, contradistinguished from State
cases triable by a justice of the peace, and State cases that may
be heard by a magistrate, he is entitled to sheriff's fees. In
all cases coming within the jurisdiction of a justice of the
peace, and a magistrate, he is to have the fees of a constable
only.

"2. The police court is a court of record, and has a right
to send persons to the reform school of the State.

"3. The marshal is entitled to fees as per case, and not
by the day, except when a case runs over a day, when he is
entitled to a case fee and one dollar for each extra day."

The defendant excepted to the finding of the court as to the
first and third questions submitted, and also as to the fourth
question submitted, so far as it holds that the plaintiff is enti-
tled to fees as per case, and not per day, and also as to its
ruling when the case runs over a day.

The plaintiff excepted to the ruling so far as it holds that
the plaintiff can recover only constables' fees for such cases
as come within the jurisdiction of justices of the peace and
magistrates. Both parties appeal.

*Maxwell, Lee & Witter,* for plaintiff.

*L. G. Bannister,* for defendant.

ADAMS, J.—In the view which we have taken of the case, it
1. FEES: city      will be necessary to determine only the first ques-
   marshal.        tion of law submitted.

The plaintiff's claim for fees, as against Polk county, is

based upon section 536 of the Code. That section provides that a city marshal "shall have, in the discharge of his proper duties, like powers, be subject to like responsibilities, and shall receive the same fees as sheriffs and constables in similar cases." The plaintiff claims that he has performed services of the same character as those which devolve upon a sheriff, and that the fair meaning of the statute is, that in such cases he shall not only receive the same amount of fees, but shall receive them from the same source.

So far as the source is concerned from which the fees are receivable (and this is the only question which we propose to consider) we do not think that the statute is susceptible of the construction which the plaintiff would put upon it. Holding, then, that it is not provided by statute that the county is liable, we do not think it can be so regarded. It is urged, however, by plaintiff that an express provision is not necessary. It is said that there are many public officers for whom the statute makes no express provision as to the source from which payment for their services is to be derived, and that the logical result of the doctrine enunciated would deprive such officers of all payment for their services. To this we think it may be said that in the absence of such provision the source of payment would ordinarily be sufficiently indicated by the character of the services or the character of the office. The services for which payment is sought in this case were rendered by the plaintiff, as marshal of the city of Des Moines. His office was a city office. Ordinarily city officers are presumed to be payable, not by the county, but by the city. Such a presumption must prevail in this case, in the absence of an express provision, unless there is something in the character of the services which calls for a different determination.

In support of the plaintiff's view, it may be said that the services were rendered in the administration of the criminal laws of the State, the expenses of which administration are certainly for the most part made by law chargeable upon the counties. But no one will deny that it is competent for the Legislature to impose such expenses in part upon cities. We

think it virtually so provided in providing the duty of city marshals. And, to our mind, the provision is not unreasonable. The citizens of a city are a part of the general public, and as such they have a general interest in the suppression of crime. In addition, they have what might not, perhaps, improperly be called a local interest, resulting from the local aggregation of property and people. The city marshal is provided as a' peace officer, in addition to the county and township force of peace officers. So far as he earns fees in enforcing the criminal law, we think that the city may properly enough be charged with the payment. At all events we do not think that they are chargeable upon the county.

Upon the plaintiff's appeal, the judgment of the court below must be affirmed, and upon the defendant's

REVERSED.