## UPTON v. THE COUNTY OF CLINTON.

1. MAYOR: AS MAGISTRATE: FEES IN STATE CASES. The mayor of a city is not entitled to fees from the county for services rendered as magistrate in state cases, under section 506 of the Code. ADAMS, J., *dissenting*.

*Appeal from Clinton District Court.*

TUESDAY, OCTOBER 28.

| 52 | 311 |
|----|-----|
| 82 | 166 |
| 52 | 311 |
| 84 | 38 |
| 52 | 311 |
| 86 | 693 |
| 52 | 311 |
| 104 | 234 |
| 52 | 311 |
| 107 | 531 |
| 52 | 311 |
| 130 | 731 |

WHEN this action was commenced the plaintiff was, and had been for a time previous, Mayor of the city of Clinton, in the county of Clinton. As such mayor there were brought before

him for trial a number of persons charged with violating the laws of the state, the specific offense being intoxication, which was not punishable under the ordinances of the city. For services rendered in these cases the plaintiff claims certain fees, which the defendant's board of supervisors refused to allow, and this action was brought for the purpose of enforcing payment for such services. Judgment was rendered for the plaintiff and defendant appeals.

*J. H. Flint, A. R. McCoy,* and *W. Corning,* for    ellant.

*Chase & Monroe,* for appellee.

SEEVERS, J.—It is practically conceded by counsel for the appellant if the services rendered by the plaintiff had been

1. MAYOR: as magistrate: fees in state cases.

performed by a justice of the peace the latter would have been entitled to the claimed compensation.

The only question for determination, then, is whether a mayor of a city who performs the duties of a justice of the peace in criminal actions, prosecuted in the name of the state, is entitled to the same compensation, to be paid in the same manner, as are justices of the peace whose compensation and mode of payment is fixed by statute.

Section 506 of the Code provides that "the mayor of each city  *  *  shall be a magistrate and conservator of the peace, and within the same have the jurisdiction of a justice of the peace in all matters, civil and criminal, arising under the laws of the state  *  *  *  ."

This statute is not ambiguous, and its construction, extent and meaning can be readily understood. By its terms the mayor, by virtue of his office, becomes a magistrate and has the jurisdiction of a justice of the peace. But it does not, in terms, require him to perform the duties of either. Nor does it provide he shall have the compensation of a justice. It does not, in fact, provide he shall have any compensation whatever.

In criminal actions, if no compensation is provided, it is regarded as doubtful whether the mayor could be compelled to

perform any duty connected therewith. No such question, however, is presented in the record, nor in relation to his compensation in civil actions, and, therefore, no ruling is made in relation thereto. We must not be understood, however, as intimating that there is any distinction between the compensation of a mayor in civil and criminal actions; that is, that he may have statutory fees in one and not in the other. But one is before us, and with the other we have nothing to do.

Our attention has not been called to any statute making it the duty of mayors to perform the duties of justices of the peace in criminal actions, but we may, for the purposes of this case, concede there is such a statute.

Without doubt, we think, fees and compensation of all officers, including mayors, are recoverable only under and by virtue of a statute. That is to say, what may be termed statutory compensation is only so recoverable, and none other is claimed. There is no pretence that the amount sought to be recovered is a reasonable compensation for the services rendered, but that the plaintiff is entitled thereto because the statute so provides. At the time *Ripley v. Gifford*, 11 Iowa, 367, was determined, because of a palpable omission by the general assembly, there was no statute in force fixing the fees and compensation of any county officer, or of the clerk of this court. These several officers were required to perform certain specified duties, and yet it was held in that case that the clerk of the District Court was not entitled to statutory compensation, because there was no statute so providing, and that all he was entitled to was a reasonable compensation for any service he performed. The grave consequences which might result from such a state of things, it was determined would not warrant the court in supplying the omission of the general assembly.

This case is fully applicable to the one at bar unless there is a statute providing that mayors shall receive the same fees as justices of the peace from the county. See, also, *Christ v. Polk County*, April term, 1878. In our opinion there is no such statute. Section 3806 of the Code provides that certain fees of justices of the peace shall be paid by the county. But

there is no such provision in relation to mayors. It was competent for the general assembly to provide that they should be paid in some other way, or that their fees should be greater or less than those of a justice. Because a mayor is vested with the jurisdiction of a justice of the peace, it does not follow that he must have the same compensation, and be paid in the same manner. Fees and compensation of officers are fixed by statute, and are arbitrary and subject to the legislative will.

We do not believe it was the legislative intent that mayors should perform the duties of justices of the peace without compensation. But through a palpable and plain oversight, and omission, none has been provided. This, however, will not warrant us in doing what the general assembly should have done, as was expressly held in *Ripley v. Gifford*, before cited.

REVERSED.

ADAMS, J., *dissenting.*—The Code provides that the mayor of each city shall be a magistrate. By this provision he is not simply clothed with the functions of a magistrate, but he is actually made one. This case differs from *Christ v. Polk County*, 48 Iowa, 302. In that case the plaintiff, as city marshal, had performed the duties of sheriff, or such duties as would otherwise have devolved upon the sheriff. But he did not perform the duties as sheriff. What he did he did as city marshal. In the case at bar, the services in question were not rendered by the plaintiff as mayor, and if not as mayor, they were not rendered by him in the character of any city officer. A magistrate is not a city officer by virtue of his magistracy. It seems clear to me that the plaintiff cannot look to the city for compensation for services rendered otherwise than as a city officer. Yet I am not willing to hold that the design was that he should have no compensation. It is true that he cannot recover except by virtue of some statute. But the statute provides for the compensation of justices of the peace. Now, in my opinion, it is not going very far to say that this provision was designed to afford compensation to all magistrates exercising the functions of justices of the peace. In the absence

of any other provision for the compensation of a magistrate exercising such functions it appears to me that that is the meaning. I think that the plaintiff is within the statute and should be permitted to recover.