E. A. HOWLAND, Appellant, v. WRIGHT COUNTY, Appellee.

Mayors: SERVICES AS MAGISTRATES: COMPENSATION. The mayor of an incorporated town, who serves as a magistrate upon the hearing and trial of criminal cases, in which the prosecution fails, is not, in the absence of any provision therefor by law, entitled to recover from the county for the reasonable value of the services performed. [GRANGER and GIVEN, JJ., dissenting.]

Appeal from Wright District Court.—HON. S. M. WEAVER, Judge.

THURSDAY, FEBRUARY 5, 1891.

ACTION to recover the reasonable value of services rendered by the plaintiff as mayor in a criminal action. From a judgment in favor of the defendant, the plaintiff appeals.—*Affirmed.*

*D. C. Filkins*, for appellants, cited: Code, sections 506, 4108, 4228 and 3790, and *Ripley v. Gifford*, 11 Iowa, 367, and pointed out that in *Upton v. Clinton Co.*, 52 Iowa, 311, it was held simply that the mayor is not entitled to the statutory and arbitrary fees of a justice, while the plaintiff in the case at bar sues upon a *quantum meruit.*

*R. H. Whipple*, for appellee, cited: *Fosler v. Clinton Co.*, 51 Iowa, 541; *Turner v. Woodbury Co.*, 57 Iowa, 440, and *Upton v. Clinton Co.*, 52 Iowa, 311, and claimed that in *Ripley v. Gifford*, 11 Iowa, 367, it was simply decided that a clerk may demand his reasonable fees in advance, but that he should not claim as statutory fees when the statute under which he claimed had been repealed.

ROBINSON, J.—The services in question were rendered by the plaintiff as mayor of the incorporated town of Eagle Grove, in acting as a magistrate on the trial of a person accused of the crime of assault and battery. The accused was adjudged to be not guilty, and the plaintiff seeks to recover the fees allowed by law to justices of the peace in such cases, amounting to eight dollars, alleging that said sum would be a reasonable compensation for the services rendered. A demurrer to the petition was sustained. The question certified by the trial judge for our determination is as follows: "Is the mayor of an incorporated town, who acts and serves as a magistrate in the hearing and trial of state criminal cases, in which the prosecution fails, entitled to recover from the county for the reasonable value of the services thus performed?"

Section 506 of the Code confers upon the mayor of each city and incorporated town the jurisdiction of a justice of the peace in criminal cases, but it is conceded that there is no statute which in terms provides that mayors shall be entitled to compensation while exercising such jurisdiction. The appellant relies upon the case of *Ripley v. Gifford*, 11 Iowa, 367, and upon some statements made in *Upton v. Clinton Co.*, 52 Iowa, 311, as supporting his claim in this case. In the case first named, the question involved was whether, since the taking effect of the Revision of 1860, there was any law fixing the fees of the clerk of the district court, and it was answered in the negative. In view of the unusual condition of the law in regard to the compensation of the clerk of the district court and other officers, this court felt justified in making some suggestions in regard to matters which were not involved in determination of the case. In the case last cited, the fact that there was no pretense that the amount sought to be recovered was a reasonable compensation for the services rendered was referred to, but it was not said that there could have been a recovery for such compensation. Nor do we think anything said in the closing paragraph of the opinion can properly be construed to support the claim of the plaintiff. It states the belief of the court that it was not the legislative intent that mayors should perform the duties of justices of the peace, without compensation, but that, through an oversight, none had been provided. The fact that this court was not authorized to so construe the statute as to supply the omission was fully recognized. It was said in *Jefferson Co. v. Wollard*, 1 G. Greene, 430, in effect, that a person who accepts a public office takes it with all the honors, emoluments and burdens pertaining thereto; that the government is not compelled to compensate its citizens for any services rendered; and that an officer cannot recover compensation for which the law makes no provision, however meritorious his services may be. It was said in *Moore v. Ind. Dist.*, 55 Iowa, 654, of school directors, that, being public officers,

with duties prescribed by statute, they were only
entitled to such compensation for the performance of
their prescribed duties as were fixed by statute; and
the case of *Upton v. Clinton Co.*, *supra*, was cited as
an authority to that effect. In *Foster v. Clinton Co.*,
51 Iowa, 541, it was said that a claim against a county
is not just unless the law somewhere either requires or
authorizes its payment. See, also, *Turner v. Wood-
bury Co.*, 57 Iowa, 440. The rule that a public officer
cannot recover compensation not provided for by law
is recognized by numerous decisions of this court, and
is approved by considerations of public policy. It fol-
lows that a county cannot be made liable for such com-
pensation.

The judgment of the district court is AFFIRMED.

GRANGER, J. (*dissenting*).—I am constrained to
dissent from the reasoning and conclusion of the
majority opinion, because they involve this court in an
inconsistency of holdings that ought not to be, and
result in a manifest denial of justice. That the court
is thus involved in an inconsistency of holdings will be
manifest by a reference to the cases of *Upton v. Clin-
ton Co.*, and *Ripley v. Gifford*, both of which are cited
in the majority opinion. In the former case statutory
compensation was, by a divided court, denied solely on
the ground that the statute did not, in terms, specify
such compensation for a mayor; but the court there
expressed its conviction on a very important fact, and
pertinent to the question before us, in the following
words:   " We do not believe it was the legislative
intent that mayors should perform the duties of jus-
tices of the peace without compensation. But, through
a palpable and plain oversight and omission, none has
been provided. This, however, will not warrant us in
doing what the general assembly should have done, as
was expressly held in *Ripley v. Gifford*, before cited.
In the latter case (*Ripley v. Gifford*) there had been
the same " omission " by the legislature to provide for
the fees of several officers, and this court, after stating

that "there is no statute fixing the fees," said: "And yet, beyond controversy, they are each entitled to compensation for their services. This compensation, if not fixed and settled at the time the services are required, would be what the same are reasonably worth."

There is no pretense, in the case at bar, that the fact as to the omission by the legislature is not as stated in *Upton v. Clinton Co.*, and there could not well be. If it is admitted that the statement is not essential to the conclusion in that case, it is nevertheless a fact, and equally significant in this case. We have, then, in the two cases, exactly opposite holdings on the same state of facts, which should not be. I assume that, if the law allows compensation, there would be no dispute as to the liability of the county under the facts of this case. I think the correct rule is announced in *Ripley v. Gifford*, and that it should be followed in this case; but, if not, that we should expressly announce that the doctrine of that case be overruled, and not leave to the public such a doubtful condition of the law. The law expressly recognizes a rule of compensation for such services by a justice of the peace, and there is no compensation in any way provided for mayors that can be construed as for such a service. This court said in *Upton v. Clinton Co.*, that it did not believe it was the legislative intent that mayors should perform the duties of justices of the peace without compensation. I fully share in that belief, and, as the majority opinion denies such compensation against the legislative intent, I conclude that it is a denial of justice.

GIVEN, J., concurs in this dissent.