F. H. GUANELLA, Appellee, v. POTTAWATTAMIE COUNTY, Appellant.

Municipal Officers: FEES IN CRIMINAL CASES: LIABILITY OF COUNTY. Section 536 of the Code, providing that a city marshal "shall have, in the discharge of his proper duties, * * * shall receive the same fees as sheriffs and constables in similar cases," does not impose any liability for such fees upon the county.

*Appeal from Council Bluffs Superior Court.*—HON. E. E. AYLESWORTH, Judge.

TUESDAY, OCTOBER 27, 1891.

ACTION to recover fees alleged to have been earned by the plaintiff as city marshal in criminal cases. A demurrer to the petition was overruled, and, the defendant refusing to plead further, judgment was rendered in favor of the plaintiff for the amount of his claim. The defendant appeals.—*Reversed.*

*John P. Organ,* County Attorney, and *Walter I. Smith,* for appellant.

No appearance for appellee.

ROBINSON, J.—The petition alleges that the plaintiff, as marshal of the city of Council Bluffs, per-

formed services and earned fees in criminal cases, in which the state of Iowa was the plaintiff, to the amount of four hundred and eighty-three dollars and sixty-five cents, and judgment for that amount, with interest, is demanded. Section 536 of the Code prescribes certain powers and duties of the city marshal, and provides that "he shall have, in the discharge of his proper duties, like powers, be subject to like responsibilities, and shall receive the same fees, as sheriffs and constables in similar cases." The provision quoted does not make the county liable for the fees of the marshal in state cases, and our attention has not been called to any statute which does. It was expressly decided in *Christ v. Polk Co.*, 48 Iowa, 302, that a county is not liable for such fees. It is said in argument that the ruling of the superior court was based upon the case of *Labour v. Polk Co.*, 70 Iowa, 568. That case involved the right of a police judge to recover of the county fees in criminal cases where the prosecution failed, and where the fees could not be made from the persons liable therefor. The right of a police judge to recover such fees is based upon section 544 of the Code, which provides that he shall be entitled to receive in all criminal cases prosecuted in behalf of the state the same fees, "to be collected in the same manner, as a justice of the peace in like cases." The manner of collection refers to the method or way, and section 3806 of the Code provides that, when the fees of a justice of the peace in criminal cases where the prosecution fails cannot be made from the person liable to pay them, they shall be audited and paid out of the county treasury. But the provision with respect to the manner of payment is lacking in regard to the payment of the fees of a city marshal, and the case last cited is not an authority which supports the ruling of the superior court. In *Bryan v. City of Des Moines*, 51 Iowa, 590, a city marshal was permitted to recover of the city of which he was an officer fees earned in

criminal cases, although the precise question we are now required to determine does not seem to have been considered. Section 506 of the Code confers upon mayors of cities and incorporated towns the jurisdiction of a justice of the peace in criminal matters, but that fact does not entitle them to the fees of a justice. *Upton v. Clinton Co.*, 52 Iowa, 311. In *Howland v. Wright Co.*, 82 Iowa, 164, it was held that a mayor is not entitled to recover from the county any compensation for services rendered as a magistrate in a criminal case where the prosecution fails, and the ground upon which the decision was based was that the law did not make the county liable in such cases. The rule of that case is applicable to this, and, following that and the case of *Christ v. Polk Co.*, *supra*, the judgment of the superior court must be REVERSED.