## J. W. Twinam, Appellant, v. Lucas County.

**Peace Officers:** WHO ARE NOT. A deputy marshal of a city of a second class is not a peace officer within the meaning of Acts Twenty-third General Assembly, chapter 43, section 6, designating those entitled to compensation from the county for services rendered in the arrest and commitment of vagrants; neither is he one within section 4109, Code 1873, which makes the marshal such an officer.

*Appeal from Lucas District Court.*—HON. M. A. ROBERTS, Judge.

### SATURDAY, DECEMBER 18, 1897.

ACTION at law, in which plaintiff, as a deputy marshal of the city of Chariton, seeks to recover compensation for services as a peace officer in arresting certain vagrants in Lucas county. The trial court sustained a demurrer to his petition, and he appeals.—*firmed*

*Will B. Barger* for appellant.

No appearance for appellee.

DEEMER, J.—The case comes to us upon a certificate from the trial judge, the material parts of which are as follows: "On the sixth day of July, 1896, the plaintiff,

J. W. Twinam, a deputy marshal of the city of Chariton, Iowa, filed a petition in the office of the clerk of the district court of Lucas county, Iowa, claiming that the defendant, Lucas county was indebted to him in the sum of fifty-six dollars and ten cents for services performed by him as a peace officer, from the first day of October, 1895, to the first day of April, 1896, during his term of office as a deputy marshal, in the arrest, trial, and commitment of certain persons commonly called tramps or vagrants, there being fifty-one different arrests, trials, and commitments, all of the said persons having been convicted in the justice courts in the said city of Chariton, Iowa, and that afterwards the fee bills for said services were transcripted by the justices of the peace to defendant's county board of supervisors for allowance, and that said board of supervisors rejected the said claim for fees, and refused to allow the same; and that said board of supervisors, at their June session in the year 1895, and before the said services were rendered, fixed the amount of fees to be received by the peace officers for the fiscal year ending June, 1896, which said fees were so fixed at the sum of twenty-five cents for all services performed in the trial and the commitment of vagrants or tramps to the county jail, and the sum of seventy-five cents for serving warrants of arrest, and ten cents per mile for mileage in each case,—making in all the sum of one dollar and ten cents as fees in each case tried, as fixed by the board of supervisors of defendant county as full compensation for said services. * * * The trial judge desires the opinion and determination of the supreme court upon the following question of law: First. Is the deputy city marshal of a city of the second class a peace officer, within the meaning of section six (6) of chapter forty-three (43), Acts of the Twenty-third General Assembly of the state of Iowa? Second. Is a deputy marshal of cities of the second class entitled to compensation from the counties

in which such cities are located for services performed as a peace officer in the arrest, trial, conviction, and commitment of vagrants or tramps brought before justices of the peace for trial under chapter 43, Acts of the Twenty-third General Assembly of the state of Iowa?"

Section 6, chapter 43, Acts Twenty-third General Assembly, makes it the duty of the board of supervisors to fix the compensation to be allowed to all officers in the enforcement of the statutes relating to vagrancy, and further provides that the amount allowed the "peace officer" for all services except making the arrest shall not exceed a certain amount. The whole chapter relates to the arrest and punishment of tramps and vagrants. Code 1873, section 4109, is in the following language: "The following persons respectively are designated in this Code under the general term 'peace officer': 1st: Sheriffs and their deputies; 2nd: constables; 3rd: marshals and policemen of incorporated cities and towns." Chariton is a city of the second class, and section 3 of chapter 13 of the Acts of the Twenty-fifth General Assmbly provides that "in all such cities the marshal, deputy marshal and police shall be appointed by the mayor, with the approval of the council, and hold their offices during his pleasure;" thus recognizing a deputy marshal as one of the proper officers of such a municipality. Chapter 43 of the Acts of the Twenty-third General Assembly makes it the duty of all *peace officers* to arrest any vagrant whom they may find at large, and take him before some magistrate of the county, city or town in which the arrest is made. To be entitled to any compensation for his services, the plaintiff must show that he is a "peace officer," within the meaning of that term as used in the Acts of the Twenty-third General Assembly, to which reference has been made, for

it is the universal rule that in the absence of some stat-
ute clearly authorizing it, a public officer is not entitled
to compensation.    *White v. Levant*, 78 Me. 568 (7 Atl.
Rep. 539); Mecham, Public Officers, section 856; *Troup
v. Morgan County*, 109 Ala. 162 (19 South. Rep. 503).
The statutes do not define the duties of deputy mar-
shals, nor do they fix their compensation. The ordi-
nances of the city are not before us, and we are unable
to say whether or not they define plaintiff's duties, and
fix his compensation. It may be assumed, however,
that his duties are the same as those of the marshal.
*Abrams v. Ervin*, 9 Iowa, 87. The marshal is a peace
officer, and it is his right, as well as his duty, to arrest
vagrants. This his deputy might also do, in the absence
of any showing to the contrary. But this does not solve
the problem here presented. Plaintiff's right to make
arrests is unquestioned. The point in dispute is his
right to compensation from the county. In the case of
*Upton v. Clinton County*, 52 Iowa, 311, we held that,
while the mayor of a city was a magistrate, and a con-
servator of the peace, and might perform the duties of
justice of the peace, yet, as there was no statute allow-
ing him compensation for work so done, he could not
recover from the county. We then said: "Because a
mayor is vested with the jurisdiction of a justice of the
peace, it does not follow that he must have the same
compensation, and be paid in the same manner. Fees
and compensation of officers are fixed by statute, and
are arbitrary, and subject to the legislative will." See,
also, *Christ v. Polk County*, 48 Iowa, 302; *Ripley v.
Gifford*, 11 Iowa, 367. We look, then, to see whether
there is any statute fixing plaintiff's compensation, and
find that there is none, unless he is comprehended
within the term "peace officer," as used in the Acts of
the Twenty-third General Assembly. In section 4109
of the Code of 1873 the legislature has said that the
term "peace officer," as used in the Code, comprehends

sheriffs and their deputies, constables, marshals, and
policemen of incorporated towns and cities. Deputy
marshals are not included, unless by implication. We
do not think it was the intent that they should be
included, for in naming sheriffs the legislature also
says "their deputies." If any deputy was to be included
by implication, it certainly would be a deputy sheriff;
but that it did not so intend is manifest from the fact
that deputies are named. When in the same section the
legislature names marshals, and neglects to include
their deputies, it is manifest that deputy marshals are
not to be included. In the case of *Foster v. Clinton
County*, 51 Iowa, 541, we held that a special constable,
appointed by a justice of the peace under section 3630 of
the Code of 1873, was not a peace officer, although he per-
formed some of the duties of constable. As a deputy mar-
shal is not a peace officer within the meaning of section 6,
chapter 43, Acts Twenty-third General Assembly, he is
not entitled to the compensation fixed by the board of
supervisors. Both questions certified should be answered
in the negative, and the judgment is AFFIRMED.