THE CITY OF DES MOINES v. POLK COUTY, IOWA, Appellant.

**Fees:** TRAMPS AND VAGRANTS.    Compensation fixed by the board of supervisors of a county under acts Twenty-third General Assembly chapter 43, to be paid to police judges in "tramp cases," cannot be paid in "vagrancy cases," since the act is limited to proceedings against tramps.

MARSHALS. Under Code 1873, section 536, providing that city marshals shall receive the same fees as sheriffs and constables for duties performed in similar cases, the county is not liable for marshall fees in seizing intoxicating liquors, since the Code does not so provide.

Action for fees: PARTY IN INTEREST. Acts Seventeenth General Assembly, chapter 56, provides (section 1) that all cities of the first class may provide by ordinance for the payment of salaries to officers, and (section 2) that all fees allowed by law for their services shall, by such officers, when collected, be paid into the city treasury. *Held*, that where a city has so prescribed by ordinance, it may maintain an action against the county for fees earned by such officers in vagrancy cases, it being the party in interest, within Code 1873, sections 2543, 2544.

PRESENTATION OF DEMAND. Code 1873, section 3843, provides that where fees are to be paid any officer out of the county treasury they shall not be paid until the account has been filed in the auditor's office, verified, and shown for what services they are claimed, and when rendered. *Held*, that where transcripts of fees in vagrancy cases tried before police judges are certified, sworn to and filed with the county auditor, a city entitled to such fees may maintain an action therefor, though the accounts were not presented in its name.

DEMAND. Code 1873, section 2610, providing that no action shall be brought against any county on any unliquidated demand until it has been presented to the board of supervisors, and payment demanded, does not apply in such cases.

*Appeal from Polk District Court.*—HON. T. F. STEVENSON, Judge.

SATURDAY, FEBRUARY 4, 1899.

THIS is an agreed case, and the facts are as follows: "(1) It is agreed: That Polk county is one of the organized counties of the state of Iowa. That the city of Des Moines is, and has been for twenty years, a city of the first class of the state of Iowa, situated in Polk county. That said city has provided and maintained for more than ten years last past a police court, with a police judge, clerk, marshal, deputy marshal and policemen, and a city solicitor, and has provided by ordinance that each of said officers shall receive a stated salary, payable in monthly installments in lieu of all fees; and that all fees earned by such officers by virtue of their

several offices shall belong to the city, and be paid into the city treasury. (2) During the time since chapter 43, Acts Twenty-third General Assembly, took effect, there have been brought into said police court, and tried, many persons charged with being vagrants and tramps. Transcripts of the costs in said cases where the prosecution failed, or where the costs could not be made from the defendants, have been duly made, certified, and sworn to, and filed with the county auditor, and presented to the board of supervisors, and remain on file with said county auditor. That at the regular June meetings in 1890, 1891, 1892, and 1893, the board of supervisors fixed the compensation to be allowed officers under chapter 43, Acts Twenty-third General Assembly, as follows: To the trial magistrate, one dollar; to the peace officer, for all services except making the arrest and mileage, fifty cents. And upon said transcripts in vagrancy cases and cases against tramps brought since the time aforesaid said board of supervisors have allowed, and the county has paid, one dollar, and no more, police judge fees in each case, and no marshal or peace officer fees. (3) During the five years last past there have been brought in said police court, and tried and disposed of, a large number of cases, under sections 1544-1547 of the Code of 1873. Transcripts of the costs in such cases, where the county was liable for such costs, have been duly made, certified, sworn to, and filed with the county auditor, and presented to the board of supervisors, and remain on file with said county auditor. That no part of the marshal's fees shown on said transcripts have been allowed or paid." The district court gave judgment for plaintiff, and the defendant appealed.—*Modified* and *affirmed*.

*Thomas A. Cheshire* for appellant.

*J. Edward Mershon* for appellee.

GRANGER, J.—Appellant contends that the city is not competent to maintain this suit, even though the county is

liable for the fees. It will be well to recall, as facts in the case, that the fees which the city seeks to recover were earned by its police judge and its marshal, each of whom is paid, by the city, a salary in full payment for all services rendered by him. The following is a part of chapter 56, Acts Seventeenth General Assembly:

"Section 1. . All cities of the first class, organized under the general incorporation law, and cities organized under special charter, may provide by ordinance that all judges of police courts, or other city courts, and city marshals * * . * shall receive in lieu of all fees now allowed by law or ordinance, such fixed salary, in monthly or quarterly installments, as may be provided by ordinance, when not provided by law, which salary, when it shall have been fixed, shall not be increased or diminished during their terms of office.

"Sec. 2. No such officer of any such city shall receive, for his own use, any fees or other compensation for his services for such city, other than that which shall be provided as contemplated in section one of this act; but all such fees as are now or may hereafter be allowed by law for such services, shall by such officers, when collected, be paid into the city treasury, at such time and in such manner as may be prescribed by ordinance.

"Sec. 3. All acts and parts of acts in conflict herewith are hereby repealed: provided that the intent of this act is not to abolish any fees now allowed by law, but to require the same to be paid into the city treasury."

By the stipulation of facts, it appears that the city of Des Moines did, by ordinance, provide for the payment of its police judge and marshal fixed salaries, payable in monthly installments in lieu of all fees earned by them, and that all such fees belong to the city, and are to be paid into the city treasury. Notwithstanding these provisions of the law, and the facts as stipulated, it is urged by appellant that the city cannot maintain the suit; that it is not the assignee of the

police judge or of the city marshal; and that the effect of the sections above quoted is not to transfer the fees taxed to the city, but that they contemplate that the officers shall themselves collect such fees, and, when collected, they shall, by the officers, be turned into the city treasury. As showing the method of collecting fees from a county when due for services of an officer, we quote Code 1873, section 3843, as follows: "In all cases where fees or compensation as distinguished from a certain and fixed salary, are, by the provisions of this title, to be paid any officer or other person out of the county or state treasury, no part of the same shall be audited or paid, until a particular account has been filed in the auditor's office of the county or state, verified by affidavit, and showing clearly for what services such fee or compensation are claimed, and when the same were rendered." Reliance is, in part, placed on the provisions of the foregoing section to show that it is the officer who earns the fee who is to collect it, because of the particular account to be filed, and the verification required thereto. Reliance is also placed on *Labour v. Polk County*, 70 Iowa, 568, wherein it is held that an officer who has earned the fees, and whose compensation is fixed by ordinance, and paid, as in this case, is a proper party to sue and recover fees that are, when collected, to be paid into the city treasury.

We think appellant's contention cannot be sustained. The case of *Labour v. Polk County* holds that the officer is a proper party plaintiff to bring such a suit to collect the fees and turn them into the treasury. It is not to be said but that, in doing so, he acts in some capacity for the city. He is an officer of the city on whom the law enjoins the duty of collecting the fees. He is to make the required account, verify it, and file it with the county auditor; and, under the holding in *Labour v. Polk County*, he may bring suit to collect them. The law is entirely silent as to who may bring such a suit, other than its general provisions that every action must be prosecuted in the name of the real party in interest, with certain exceptions. Code 1873, sections 2543, 2544. There is

no ground for a pretense that the police judge or city marshal of Des Moines has any interest in the fees in question more than any other officer of the city has. There never has been a time that they had an interest in them, other than an authority implied from the law, to collect and turn them over to the city. The city has at all times been the party in interest. Taking the law as it stood when the fees were earned, they were earned by officers chosen and paid by the city, and the law merely says that, when collected, they shall be turned into the city treasury. They could not be turned in before that time, and the language is a direction or command to any person, so having the fees, to turn them into the treasury. If this suit should be prosecuted to final judgment, and a recovery be had for plaintiff, the language relied on by appellant would apply to the officer recovering the fees, whoever he might be, and he would be required to turn them into the city treasury. While the law does, by a clear implication, devolve upon the officer earning the fees the duty of so presenting the accounts as to authorize a payment by the county, if correct, it does not, in terms or otherwise, take from the city the right to maintain a suit to recover what, under the plain terms of the law, belongs to it. The city comes clearly within the general provisions of the law as to being the real party in interest, so as to maintain the suit, unless there is some other provision to defeat its operation; and our attention is called to none. It is simply thought that the law, by which the city is to own the fees, does not pass the ownership or right to the fees until collected. The fees are a compensation for the services of the officer, who has been paid by the city and has no compensation due him. His only duty is an official one for the city. He is its agent. The situation of such an officer is not unlike that of an agent of a corporation, who is paid by it, and does the work for third parties, and is to collect pay therefor, and turn it in to the corporation. There would be no dispute as to the right of such a corporation to maintain a suit. In such a case it would be the con-

tract that would fix the rights of the parties; in this case it is the law. In that case the wages were earned for the corporation; in this the fees are earned for the city. The cases of *Upton v. Clinton County,* 52 Iowa, 311, and *Howland v. Wright County,* 82 Iowa, 164, present no such question. They deal with the right of an officer to compensation for services.

II. It is said that before the city can recover it must present the claims to the county in its own name, under the provisions of section 2610 of the Code of 1873, which provides that no action shall be brought against any county on any unliquidated demand until the same has been presented to the board of supervisors, and payment demanded. Looking to the agreed facts, it will be seen that the transcripts in the cases for which fees are sought to be received have been made, certified, and sworn to, and filed with the county auditor, and presented to the board of supervisors, and remain on file with the county auditor. We understand this presentation of the accounts to conform to the requirements of section 3843 of Code of 1873, above quoted. We also understand such a presentation to be all that is required in cases of this kind, and that section 2610 has no application in such cases. A point with appellant is that the claims have not been presented *in the name of the city.* The statute only requires that a particular account shall be filed, verified by affidavit, and showing clearly for what services such fees or compensation are claimed, and when the same were rendered. We may assume that verified transcripts of the proceedings would show the facts.

III. The agreed statement contained this provision: "It is agreed that the court shall first determine the questions of law involved in the foregoing statement, and shall then appoint a referee to examine said transcripts and the records of the county auditor, and report to the court the several amounts due the city from the county upon said several matters; such examinations to be made under the rulings and

directions of the court." Referees were appointed, and reported that "for police judge fees in vagrant cases in transcripts filed since July 4, 1890, and prior to August 31, 1893, $450.50," "and for marshal fees in liquor seizure cases in transcripts filed within five years prior to August 31st, 1893, $2,814," and judgment was entered for the respective amounts. This judgment for four hundred and fifty dollars and fifty cents we understand to be in "vagrancy" cases, as distinguished from "tramp" cases; the county having paid in each tramp case a police fee of one dollar, which is the amount fixed by the board of supervisors in such cases under the provisions of chapter 43, Acts Twenty-third General Assembly. Appellant's claim is that the limitation to a fee of one dollar applied as well to vagrancy as to tramp cases, and we are referred to definitions to show that the words "tramps" and "vagrants" are synonyms. The statute contains a definition of each word, and we think that is the place to look for a correct understanding of the question. Section 2, chapter 43, above cited, defines a tramp in these words: "Any male person 16 years of age or over who is physically able to perform manual labor and is a vagrant within the purview of section 4130 of the Code, who is found wandering about practicing common begging, or is wandering about having no visible calling or business to maintain himself, and is unable to show reasonable effort and in good faith to secure employment, shall be deemed a tramp." The following is section 4130, referred to: "All persons who tell fortunes or where lost or stolen goods may be found; all common prostitutes and keepers of bawdy houses, or houses for the resort of prostitutes; all habitual drunkards, gamesters, or other disorderly persons; all persons wandering about and having no visible calling or business to maintain themselves; all persons begging in public places, or from house to house, or procuring children so to do; all persons going about as collectors of alms for charitable institutions under any false or fraudulent pretenses; all persons playing or betting in any

street, or public or open place, at or with any table or instrument of gaming at any game or pretended game of chance."
It will be seen that, while all tramps are vagrants, all vagrants are not tramps; as a person under sixteen years old may be a vagrant, but not a tramp. To be a tramp, one must be physically able to perform manual labor; while one unable to do so may be a vagrant. There are other distinctions. Chapter 43,—that we are considering,—treats alone of tramps, and makes no reference to vagrants. The language conferring authority on the board of supervisors to fix the compensation to be allowed officers is: "The board of supervisors shall at their regular meeting held in June of each year fix the compensation to be allowed to officers under this act." The act is limited to "tramps, their arrest, trial and punishment." The same limitation applies to the act of the board in fixing the compensation under the act. Section 544 of the Code of 1873 provides that: "The police judge holding the police court shall be entitled to receive, in all criminal cases prosecuted in behalf of the state, the same fees, to be collected in the same manner, as a justice of the peace in like cases." It was under this provision that the court fixed the amount of its judgment, and we think the court did right in doing so.

IV.   The judgment for two thousand eight hundred and fourteen dollars is for fees of the city marshal in liquor seizure cases, and it is said by appellant that the county is not liable for such fees, and reference is made to *Christ v. Polk County*, 48 Iowa, 302, and *Guanella v. Pottawattamie County*, 84 Iowa, 36. The cases seem entirely decisive of the question. While, as to the city marshals, the statute (section 536, Code 1873) provides that such officer "shall have, in the discharge of his proper duties, like powers, be subject to like responsibilities, and shall receive the same fees as sheriffs and constables in similar cases," there is wanting the language to make the county liable therefor, as in case of a police judge. Such a recovery is had under section 544, quoted in the third division of the

opinion and also considered in *Guanella v. Pottawattamie County,* showing the distinction. It was error to allow this part of the plaintiff's claim. One or two other questions are presented, but their consideration is not important. The judgment will be MODIFIED and AFFIRMED.