JOHN HIGMAN, Appellant, v. THE CITY OF SIOUX CITY, (Two Cases).

**Special assessments:** LEVY: IDENTITY OF PROPERTY.  Where the plat 1  and schedule filed in a special assessment proceeding described the lots, benefits and amounts assessible to each, a reference to the same in the assessment resolution was a sufficient description thereof without setting out in the resolution the very assessments intended to be made; and parol evidence was inadmissible for the purpose of showing what property was referred to in the resolution.

**Cost of collecting special assessments.**  The owner of property can 2  not be required to pay the cost of collecting a special assessment.

**Objection to assessment:** WAIVER.  Objections to a special assessment which are not made before the council will be stricken 3  from a petition on appeal from the assessment.

*Appeal from Woodbury District Court.*— HON.  WM. HUTCHINSON, Judge.

WEDNESDAY, JANUARY 10, 1906.

Two appeals were taken to the lower court from separate assessments on plaintiff's property for street improvements, and in each case a decree was rendered dismissing the appeal.   Plaintiff prosecutes two separate appeals in this court, but for convenience they will be considered together.— *Modified* and *affirmed.*

*G. M. Pardoe,* for appellant.

*J. N. Weaver,* for appellee.

McCLAIN, C. J.— The first of these appeals is from an assessment for paving, and one of the objections made to the assessment in the trial court and presented here is

1. SPECIAL AS-
SESSMENTS:
levy: identity
of property.

that no valid levy of the assessment was ever made on plaintiff's property. The proceedings in the council with reference to the paving seem to have been regular down to and including the making and filing of the plat and schedule contemplated by Code, sec. 821, and the giving of notice as provided in section 823. An attempt was made to comply with section 825 by passing a resolution purporting to levy and assess a special tax for such paving against the lots abutting upon the street paved and the owners thereof, " the names of such owners, the description of their abutting lots or parcels of ground, the benefits to each lot or parcel of ground, and the respective amounts legally assessable thereto being as follows "; but no list or enumeration of any named owners or described lots was contained in such resolution.

However, the resolution making the levy in attempted compliance with Code, sec. 825, recited the prior proceedings, including the filing of the plat and schedule and the overruling of all objections, thereto, and that after due inquiry and examination " each and all of the assessments and amounts recorded and entered upon said plat and schedule as amended by this council against property abutting upon said improvements and the owners thereof for the cost thereof are in proportion to the special benefits conferred by said improvement upon each and every lot· or parcel of ground so abutting and properly chargeable thereto." And the omission in the resolution seems to be simply an omission to set out the very assessments shown by the plat and schedule as intended to be made, and as to which the objections made by the property owners on defendant's notice had been overruled. We therefore reach the

conclusion that without a specific recital the numbers of the lots assessed as abutting on the improvement and the names of the owners thereof and amounts of the assessments made were sufficiently recited in the resolution by reference to the plat and schedule on file. The portion of the resolution making and confirming the specific levy refers, as we think, also to the plat and schedule, and is therefore sufficiently specific. Parol evidence was clearly not admissible for the purpose of showing what property was referred to in this resolution; but, as the resolution itself, without regard to the parol evidence which the court received, sufficiently identified the property and specified the assessments made, no parol evidence was necessary to make it effectual.

It is also contended that the assessment does not appear to have been in accordance with the benefits as required by Code Supp. sec. 792, and that the assessment exceeded 25 per cent. of the actual value of the property at the time of the levy, in violation of the provisions of the same section; but it appears from the recital of the resolution itself that the council specifically found that the assessment was in proportion to the special benefits from the improvement, and we think that the evidence supports this finding. The evidence also supports the conclusion that the assessments on plaintiff's lots did not exceed 25 per cent. of the value thereof at the time of the levy.

Counsel further urge, however, that it was error for the council to include in the assessment the item of $2.50 as to each lot for the expense of collecting the assessment. 2. COST OF COLLECTING SPECIAL ASSESSMENTS. Under Code, secs. 825–902, special assessments are payable at the office of the county treasurer, and under Code, sec. 490, par. 1, the county treasurer is entitled to receive by way of compensation "three-fourths of one per cent. of all money collected by him as taxes due any city or town to be paid out of the same"; but it is not indicated in Code, sec. 820, that this cost of collection shall be a part of the assessment on

abutting property. We reach the conclusion, therefore, that the item of $2.50 of costs assessed as against each of plaintiff's lots (eight in number) was erroneous, and that the court should have reduced the assessment to this extent.

The other appeal involves an assessment for curbing under a proceeding which was entirely independent of the proceeding to make an assessment for paving. The trial

**3. OBJECTIONS TO ASSESSMENT: waiver.** court properly struck out several of the grounds of objection interposed by plaintiff in his petition, because they had not been made before the city council, as required by Code, sec. 824. As to the other objections which on demurrer the trial court held to be insufficient to entitle plaintiff to any relief, it is enough to say that the petition presented no facts rendering the assessments invalid. It is contended that the curbing and paving were one improvement, and that no assessment should have been made for the curbing until the whole improvement was completed and the whole expense could be ascertained, but nowhere in the petition was it made to appear that the curbing was a part of the paving and provided for in the same proceeding. On the contrary, the proceedings of the council as detailed in the petition with reference to the curbing indicate that the assessment for that purpose was wholly independent of any proceedings with reference to paving, and the only allegation tending to connect the two was an argumentative allegation of such connection as a reason why the curbing assessment was invalid. Another objection is predicated upon the allegation that the reconstruction and resetting of the curbing for which the present assessment is made was only necessary by reason of the paving, and that the taking up of the old curbing was carelessly done and larger expense was thereby imposed on the property owner; but these objections are not supported by any facts alleged in plaintiff's petition, and the demurrer was therefore properly sustained.

The final result is that the decree in the case involv-

ing the assessment for paving is so *modified* that the assessment on each of plaintiff's lots for cost of collecting the assessment by the county treasurer amounting to $2.50 as to each lot is set aside. Otherwise it is *affirmed*. The cost of the appeal will be taxed to the appellant, notwithstanding this modification. The decree as to the assessment for curbing is *affirmed*.

*Modified and affirmed.*