THE BARBER ASPHALT PAVING COMPANY, Appellee v. WOODBURY COUNTY, and O. B. TALLEY, TREASURER OF WOODBURY COUNTY, IOWA, Appellant.

**Municipal corporations: FEES OF COUNTY TREASURER.** Money collected to pay certificates issued by a city to a contractor for public improvement is not due the city, in the sense that the county treasurer may retain a portion thereof for his services in collecting the same.

*Appeal from Woodbury District Court.*— HON. JOHN F. OLIVER, Judge.

SATURDAY, FEBRUARY 15, 1908.

ACTION to recover certain money retained by defendants as commission for collecting through the county treasurer prior to May 10, 1906, special assessments for paving cer-

tain streets in the city of Sioux City, and to enjoin defendants from retaining further collection fees for such work. The trial court granted the relief prayed, and defendants appeal.— *Affirmed.*

*Strong & Whitney,* for appellants.

*Reed & Reed* and *Robinson & Lynch,* for appellee.

DEEMER, J.— Plaintiff is the owner and holder of a large number of certificates of special assessments growing out of a contract it had with the city of Sioux City for the paving of certain streets therein. These certificates were issued and delivered to plaintiff in payment for the work, and were held by it when this action was commenced. The defendant's county treasurer retained out of money collected by him in payment of these special assessments three-fourths of one per cent. of the amount thereof upon the assumption that he was entitled thereto as commission under section 490, of the Code. This action is to recover the amount so retained, and to enjoin further retention of these commissions.

Defendants contend that the treasurer was and is entitled thereto under the section of the Code referred to which so far as material, reads as follows: "Each county treasurer shall receive for his services the following compensation: Three-fourths of one per cent. of all money collected by him as taxes due any city or town, to be paid out of the same." We may assume for the purposes of the case that these special assessments were taxes in the broad sense of that term, but it must also appear to justify the retention of the money that these taxes were due the city of Sioux City. It is not enough to show that, when collected, these exactions were for the benefit of the city, for the statute says, "taxes due the city or town." Unless they were due to the city, or what is the same thing, owing

to the municipality, the treasurer had no authority to retain his commission out of the fund collected. The word " due " in its primary sense means " owing." *Sather Banking Co. v. Briggs Co.,* 138 Cal. 724 (72 Pac. 352) ; *U. S. v. Bank,* 31 U. S. 29, (8 L. Ed. 308). And, as applied to the statute now before us, the words " due the city " mean " owing to." Were these special assessments owing to the city ? Manifestly not. The certificates were held by plaintiff, and were payable out of the special assessments. These assessments were owing to the holders of the certificates, although, perhaps, collected for the benefit of the city. Under section 841 of the Code the county treasurer is required to pay these assessments to the holders of the certificates, and not to the city. The cost of collecting cannot be included in the assessment. *Higman v. Sioux City,* 129 Iowa, 291. And the tax is not for city purposes. *Farwell v. Brick Co.,* 97 Iowa, 286. Moreover, these certificates must be sold at par, with interest down to the time of delivery, and bonds may only be issued for the amount of special taxes levied; and, if a commission were allowed for the collection of the taxes, this would amount to such a diminution of the fund as would defeat the objects and purposes of the statute. *Higman v. Sioux City, supra.*

In *Merril v. Marshall County,* 74 Iowa, 24, it is expressly held that a county treasurer is not entitled to retain from a tax voted in aid of railways a commission for the collection thereof. This seems to rule the case at bar; but it is said that this case is an authority for appellants, in that a suggestion is there made that, if the taxes were collected for cities or towns, a commission might be retained. It is true there is such a suggestion, but the kind of taxes referred to is not mentioned. Moreover, the question here presented was in no manner involved or decided, and the expression is mere *dictum.* True it is, that additional work is imposed upon the county treasurer in making these collections; but, unless there be a statute authorizing it, he is

not entitled to compensation therefor. *State v. Barker,* 116 Iowa, 96; *Howland v. Wright Co.,* 82 Iowa, 164.

We do not decide whether or not he is entitled to compensation from the county under paragraph 2, section 490, Code, as that question is not before us. We are very clearly of opinion that the treasurer was not entitled to retain a. commission out of the assessments collected by him.

.The judgment is therefore *affirmed.*