O. J. DuBois, Appellant, v. CITY OF OSKALOOSA, Appellee.

No. 45263.

OCTOBER 15, 1940.

Harold J. Fleck, for appellant.

L. R. Carson, for appellee.

MILLER, J.—The plaintiff's petition, filed May 2, 1939, asserts that, on April 1, 1933, he became employed by the defendant City of Oskaloosa as city health officer for a term of 2 years expiring April 1, 1935, at an annual salary of $900 per year, to be paid in semimonthly installments, as fixed by a city ordinance; that, in violation of the ordinance, plaintiff was paid at the rate of $600 per year; he demanded judgment for the difference between the amount of his salary, as fixed by the ordinance, and the amount which was paid to him, with interest and costs.

The defendant filed a demurrer, which asserted, among other things, that all salary items, accruing between April 1, 1933, and May 2, 1934, did not accrue within 5 years preceding the commencement of this action and are barred by the statute of limitations. Plaintiff then filed an amendment to his petition, which asserted that; on March 15, 1938, he entered into a covenant with the City not to sue it for any unpaid salary in consideration for the City increasing his compensation in the sum of $12.50 per month, that the City failed to carry out the

agreement and, on May 1, 1939, plaintiff rescinded said agreement and then commenced this action on the following day; that, when the agreement of March 15, 1938, was made the statute had not run, plaintiff was lulled into security by said agreement and the city, by entering into the same, is estopped to plead the statute of limitations asserted in its demurrer. The court sustained the demurrer as to all items prior to May 2, 1934, and overruled it as to all items since May 2, 1934. Plaintiff elected to stand on the ruling and has appealed therefrom.

█ I. Appellant concedes that the 5-year limitation prescribed by subparagraph 5 of section 11007 of the Code, 1931, is applicable to the controversy herein. His first contention is that the salary of a public officer does not accrue until the end of the term of office, that his term being from April 1, 1933, to April 1, 1935, the cause of action for his salary did not accrue until April 1, 1935, and this action having been commenced May 2, 1939, was within the 5-year limitation. We find no merit in this contention.

This court has repeatedly recognized that the amount of compensation and the time or times for payment thereof for a public officer are not determined from the contract of employment but solely from the legislative provisions applicable to the payment of such compensation. Broyles v. Mahaska County, 213 Iowa 345, 239 N. W. 1; Howland v. Wright County, 82 Iowa 164, 47 N. W. 1086; Upton v. Clinton County, 52 Iowa 311, 3 N. W. 81; Bryan v. Cattell, 15 Iowa 538.

Appellant relies upon our decision in the case of Griffin v. Clay County, 63 Iowa 413, 19 N. W. 327. That was an action by a county treasurer for salary and fees. The county demurred to the petition. The demurrer was sustained and on appeal the judgment was affirmed. In that case, we established a maximum limit for the commencement of the running of the statute of limitations holding that it commenced to run at least at the expiration of the term of office. So considered, the statute had run. It was immaterial in that case whether it had commenced before the expiration of the term of office. The fact that we did not determine the minimum time for the commencement of the running of the statute is demonstrated by our later decision in the case of McCord v. Page County, 179

Iowa 1032, 162 N. W. 242. That was an action for fees claimed by a sheriff. The statute provided that the fees should be paid quarterly. We held that the statute began to run as to each claim for fees at the expiration of each quarter. This holding is clarified in our opinion on the second appeal of said case, McCord v. Page County, 192 Iowa 357, 364, 184 N. W. 625, 627, wherein we state:

''We think the court was correct in holding that the excuses offered by the plaintiff for not filing his claims quarterly, as provided by statute, were not sufficient, and did not stay the running of the statute of limitations; and that the claims in this case are barred, except for the last two quarters of the year 1910. Code section 508; McCord v. Page County 179 Iowa 1032.''

The rule applied by us in the McCord case is analogous to that applied generally to a demand that is payable in installments. We have held that the statute commences to run as each installment becomes due. Boynton v. Salinger, 147 Iowa 537, 545, 126 N. W. 369, 372. Section 1218 of the Code, 1931, provides that the salary of a public officer is payable at the end of each month. Accordingly, under our decisions, the statute begins to run against the claim for salary by a public officer at the end of each month. Appellant's claim for the 13 months from April 1, 1933, to May 1, 1934, had accrued and the statute had run in reference thereto when this action was commenced on May 2, 1939. The court so held. Its decision is right.

II. Appellant's other proposition is that the amendment to the petition asserted a plea of estoppel which avoids the running of the statute and that the court erred in disregarding this plea of estoppel. We find no merit in this contention.

The plea of estoppel is based upon the claim that the defendant City violated the law by failing to pay the plaintiff the full salary due him under the ordinance applicable thereto and, on March 15, 1938, undertook to settle the controversy by making a new contract which was also contrary to provisions of such ordinance. We have held that a contract, which con-

templates the payment of more salary than that specified by law, is against public policy. Dodson v. McCurnin, 178 Iowa 1211, 160 N. W. 927, L. R. A. 1917C, 1084. We have also held that a contract, which contemplates the payment of less salary than the law specifies, is likewise contrary to public policy. Bodenhofer v. Hogan, 142 Iowa 321, 120 N. W. 659, 134 Am. St. Rep. 418, 19 Ann. Cas. 1073. In the case of Johnson County Sav. Bank v. Creston, 212 Iowa 929, 933, 231 N. W. 705, 707, 84 A. L. R. 926, we state:

"It is a general principle that a municipal contract entered into in violation of a mandatory statute, or a contract in opposition to public policy is not merely voidable but void (Coggeshall v. Des Moines, 78 Iowa 235), and that no contract for services rendered or goods furnished pursuant thereto can be implied, nor may the acceptance of benefits thereunder be made the basis of a liability by estoppel." (Citing many cases.)

In the case of Welu v. City of Dubuque, 202 Iowa 201, 209 N. W. 439, we held that an agreement by a city solicitor to waive the defense of the statute of limitations, not being within his powers as prescribed by law or ordinance, was insufficient to estop the city from pleading the bar of the statute and that a motion to strike such plea of estoppel was properly sustained. Applying the same reasoning herein, we are satisfied that the plea of estoppel, which appellant attempted to interpose herein, being based upon a void contract, was insufficient to overcome the bar of the statute of limitations and that the court properly so held.

Since the assignments of error which appellant has presented for our decision are without merit, the order appealed from is affirmed.—Affirmed.

CHIEF JUSTICE and all JUSTICES concur.